JOHNSON M. WALLACE v. A. J. LEWIS.

(Case No. 1453.)

1. DEED — EQUITY.— A deed made by one charged with a criminal offense to another, to enable such other to take the requisite oath as to property, as surety on his appearance bond, and to secure the bondsman against loss on account of the suretyship, though absolute on its face, vests the title only to the extent and for the purposes of the specific trust, and is not illegal as tending to subornation of perjury.

APPEAL from Wilson. Tried below before the Hon. Everett Lewis.

Lewis sued Wallace on the 9th day of February, 1880, to recover certain town lots, and to have annulled and vacated a deed made by Lewis to Wallace June 23, 1879, conveying the property. He alleged that Lewis had been arrested and committed by a justice of the peace on a charge of felony. His bond was fixed at $500. And to enable Wallace to take the required oath as a surety and to secure him against any loss on that account, he conveyed the property, and for no other purpose; that the understanding and intention of the parties was that as soon as Lewis gave a new bond or was discharged Wallace was to redeliver the deed or reconvey him the property; that he proposed to give the new bond, but Wallace refused to redeliver the deed, etc.; that a term of the district court had passed and no indictment was returned against him, whereupon the bond was *functus officio* and Wallace discharged from all liability thereon; that Wallace refused to redeliver the deed to the

land, but had caused the same to be recorded and was claiming the land. He prayed judgment for rents, etc.

Wallace answered by general and special exceptions and general denial, etc.

The errors relied on are sufficiently indicated by the opinion.

*Lawhon & Browne*, for appellants.

WATTS, J. COM. APP.— Appellant claims that the court erred in refusing to strike out the amended petition, as it did not point out the pleading with its date sought to be amended, and that it was not properly indorsed and numbered. The first ground is not supported by the record, for it is stated in the amended petition that by leave of the court he amends his original petition, filed on the 9th day of February, 1880. Except in the margin of the transcript, there is no indorsement of this pleading shown by the record, and it is there named by the clerk "amended petition." If the pleading was not indorsed upon the back, as required by the rules, that fact should have been made to appear from the record.

But admitting that the court erred in overruling the motion on that ground, still no injury is shown to have resulted to the appellant from that source, and consequently it must be considered and treated as an immaterial error.

All the other assignments of error may be considered under one proposition. And that is, could the appellee allege and establish that the deed from him to appellant, though absolute upon its face, was in fact made to enable the appellant to go upon his bond as security, and to secure him against any loss that might be incurred on account of the bond?

The general rule is elementary that parol evidence is not admissible to change or alter a written instrument. But it is also well established that parol evidence is admissible to show that a deed, though absolute on its face, is in fact a security for a debt, and is, therefore, a mortgage; or that such a deed was executed and delivered on certain trusts not reduced to writing, and which the grantee promised to perform; also, that such evidence is admissible to establish a resulting trust. The authorities are cited by Judge Hobby in his work on Texas Land Law, §§ 1661–1663, sustaining the doctrine asserted.

It is claimed, however, by appellant that the facts alleged and established by the evidence taint the transaction with fraud, and that the appellee cannot be relieved as against his own fraud.

We do not concur in that view of the case. It does not appear that the appellee intended to defraud any one by making the deed to the appellant. Certainly he could not have intended to defraud the state, for whether the land remained his or vested in appellant, it was equally liable for any judgment that might be rendered on the bond. Could it be considered a fraud upon the officer who took the bond? It would seem not. That officer did not accept the bond upon the faith of this or any other property, but upon the affidavit of appellant, made in accordance with the statute.

As between the parties, the real transaction was this: appellant conveyed to appellee the land for the particular and special purpose of enabling him to qualify as a surety on the bond, and to hold the same in trust to protect himself against any loss that might accrue in the event the appellee should forfeit the bond. To the extent of these particular objects or trusts the title vested in appellee; but when the particular objects sought to be accomplished by this trust relation had been subserved that relation ceased, and appellant no longer had any right to the land.

Nor is the transaction illegal as tending to subornation of perjury. For the purposes of that bond the property was, as intended by the parties, the property of the appellee.

For a case similar in some of its features to the one under consideration see Frazer *v.* Thatcher, 49 Tex., 30.

There is no such error apparent of record as ought to reverse the judgment; and we report that it ought to be affirmed.

AFFIRMED.

[Opinion adopted October 30, 1883.]