## AMERICAN NAT. INS. CO. v. REPKA et al.

### No. 13578.

Court of Civil Appeals of Texas. Dallas.
Oct. 6, 1944.

Rehearing Denied Nov. 10, 1944.

W. B. Handley, of Dallas, for appellant.

John A. Ford and Harvey Ford, both of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from an order of a District Court of Dallas County refusing appellant's verified application for writ of injunction to restrain appellees from prosecuting two separate suits filed by them in the County Court at Law No. 1 of Dallas County against appellant, for want of jurisdiction of the court to grant the relief sought. The two suits involve identical questions of law and facts.

The grounds alleged for the injunction, and the facts, show that on May 13, 1940, appellant, American National Insurance Company, issued and delivered to Edd J. Repka its policy of insurance in the sum of $312 for natural death, and $312 for accidental death; and on August 19, 1940, appellant issued and delivered to the insured another policy, in exact terms and conditions as the first, in the sum of $152 for natural death and $152 for accidental death. In both policies, Edd Repka, son of the insured, and one of the appellees herein, was designated beneficiary. On August 17, 1941, the insured died. On October 22, 1941, the beneficiary, as plaintiff, and the other appellees herein, as his attorneys, filed suit in the district court (the same court from which this appeal is prosecuted) against appellant on the two aforesaid policies, electing to consolidate the two causes of action for the full face value of double indemnity with statutory penalty and attorney's fees aggregating $1,389.36. In defense of the suit, appellant employed attorneys and filed answer denying liability under the express terms of the policies, because the insured died as a result of self-inflicted gunshot wounds occurring within two years from date of the policies with intent and purpose of self-destruction, which voided liability, except for premiums paid, to-wit, the sum of $19, which was tendered and paid into the registry of court for benefit and use of the plaintiff. That suit was twice tried before juries—first in the Fourteenth District Court and then in the One Hundred Sixteenth District Court of Dallas County. On each of said trials the jury was unable to agree on a verdict; mistrial was declared; and, after discharge of the jury on the second trial and the trial judge had announced that he would take the case under advisement as to whether a judgment should not be rendered by the court as a matter of law, plaintiff took a voluntary nonsuit, assigning, in briefs before this court, that considerable pressure had been brought on the parties to compromise the suits, the judge saying, "they were costing the county too much money"; and, further, that six men in the county court might be able to agree on a verdict, where twelve men in the district court had twice failed. After such dismissal, appellees split up their cause of action and filed in the County Court at Law the two suits, each similar in all respects to the suit in the district court, except as to the aggregate amount sought to be re-

covered. One of the suits was for the sum of $811.44 and the other for $422.24; hence a joinder of the two causes was not available to the defendant, as was the case in the district court. To avoid the multiplicity of suits, which would subject defendant to the expense, annoyance and inconvenience of defending each separately, when one trial in a court of competent jurisdiction on a consolidated cause would suffice, appellant filed this cause of action,—an injunction to prevent vexatious litigations. The consolidated suit in the district court and the two separate suits in the county court are on transactions between plaintiff and defendant Repka, and each involves on trial the same evidence, affirmative and defensive.

The record further discloses that the plaintiff in each of said suits availed himself of Art. 2070, R.S., now Rule 145, Texas Rules of Civil Procedure, to prosecute the suits in forma pauperis; and that the court costs in the district court trials amounted to $80.10, of which defendant, in the proper defense of the suit, was compelled to pay $55 witness fees, jury fees and depositions, which has not been refunded to it, leaving a balance of $25.10 unpaid. The record also discloses that in the first case filed in the county court costs have now accrued in the sum of $102.80. Indeed, the rights of litigants to have their grievances determined by courts may not be gauged by the size of the bill of costs, and the courts will not look to the expense to the county or state where rights of citizens are involved. To protect rights and prevent injustice are the courts' supreme functions. Appellee Repka, in the first instance, had a right of election to bring the consolidated cause into the district court; or to bring one of the cases in district court and the other in the county court; or the two suits severally in the county court, and to prosecute such suits without the necessity of posting bond for costs. In either event, the defendant could not interpose legal objections to such filing. But, where the plaintiff elected to consolidate the two causes of action and filed the one suit in the district court, thereby causing the defendant, in defense of its rights, to employ an attorney and otherwise expend a considerable sum of money and incur liability for payment of the unpaid balance of court costs therein with no chance of recoupment, the taking of the nonsuit and soon thereafter filing the two suits in county court on the sole idea that,

perchance, six jurors in the county court might more readily agree on a verdict in one or even both of such suits than twelve jurors in the district court, seems to us fanciful, calculated to do defendant an injustice. Such action deprives the defendant of the right of consolidation of the two causes of action, imposes upon defendant the burden and expense of two defenses, the loss of the amount of costs paid and incurred in the district court, and causes it to suffer liability for costs that may be adjudged against it in the two suits.

The aggregate amount involved in the two causes of action in the county court exceeds the jurisdictional amount of the county court; hence said causes are not susceptible to be joined in one action. Rule 135 Texas Rules of Civil Procedure provides that where a plaintiff brings several suits against defendant which should have been joined in that court, the cost of only one shall be adjudged against defendant. The filing of such causes, in all events, effectively deprived the defendant of having the cost of only one adjudged against it, and subjected it to the payment of costs of the two suits.

In the light of the general rules of equity, we think that under the pleadings and evidence offered appellant is entitled to equitable relief. The ground upon which relief should have been granted is to prevent a multiplicity of suits with the attendant unnecessary expense, vexation and inconvenience of defending them separately, for which there is no adequate remedy at law. Appellees, in briefs before this court, do not challenge the grounds making the case for equity, but rely upon the lack of jurisdiction of a district court to enjoin their threatened action in the trial of the two cases in the county court.

The equitable jurisdiction of a district court is vested in it by the Constitution, Art. 5, Sec. 8, Vernon's Ann.St., which provides that the district court has original jurisdiction "of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest; * * *, and said court and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction. * * *, and such other jurisdiction, original and appellate, as may be provided by law." These constitutional provisions are implemented by Arts. 1906, 1909, 1914, R.S., in exact language, and in addition thereto, Art. 1913 provides: "Subject to the limitations stated in this chapter, the district court is authorized to hear and determine any cause which is cognizable by courts, either of law or equity, and to grant any relief which could be granted by said courts, or either of them"; and Art. 4642 provides: "Judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases: 1. Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him. 2. * * *. 3. Where the applicant shows himself entitled thereto under the principles of equity, and the provisions of the statutes of this State relating to the granting of injunctions. * * *" The leading modern case relating to injunctions to prevent a multiplicity of suits is Gulf, C. & S. F. R. Co. v. Pearlstone Mill & Elevator Co., Tex.Com.App., 53 S.W.2d 1001. The various suits and threatened suits involved were cognizable in the Justice Court and the amount claimed in each suit was less than $20. The Supreme Court held that the injunction should issue and quoted with approval from Galveston, H. & S. A. R. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368: "Our system of procedure is essentially equitable in its nature, and was designed to prevent more than one suit growing out of the same subject-matter of litigation; and our decisions from the first have steadily fostered this policy." [53 S.W.2d 1003.] The court also quoted with approval from Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 252, 47 L.Ed. 380: "Each case, if not brought directly within the principle of some preceding case, must, as we think, be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested, and the result which would follow if jurisdiction should be assumed or denied; these various matters being factors to be taken into consideration upon the question of equitable jurisdiction on this ground, and whether within reasonable and fair grounds the suit is calculated to be in truth one which will practically prevent a multi-

plicity of litigation, and will be an actual convenience to all parties, and will not unreasonably overlook or obstruct the material interests of any." See also Pomeroy Eq. Jur. Vol. 1, §§ 268–274; Blessing v. City of Galveston, 42 Tex. 641; George v. Dean, 47 Tex. 73; Luttring v. American Fruit Growers, Tex.Civ.App., 49 S.W.2d 980; Standard Inv. Co. v. Dowdy, Tex.Civ.App., 122 S.W. 2d 1107.

In most of the cases cited, the several litigations filed and threatened were within the jurisdiction of the justice court, but, in each case, the injunction was granted to avoid a multiplicity of suits, setting out the great amount of costs that would accrue in each suit, salvage time of court and individuals, and prevent grievous wrong to the defendant through the medium of courts. Such injustice may well be visited upon defendants in the county court as well as in the justice court. Certainly one thus aggrieved has no adequate remedy at law to avoid such injustice; and, as long as that end is sought, what difference does it make in the administration of equitable principles whether the suits are pending or threatened to be filed in the justice court, or the county court? A multiplicity of suits in the latter court is just as obnoxious as in the justice court.

■ We are of the opinion that the trial court should have granted the injunction. It had jurisdiction to grant the relief. Therefore the judgment is reversed and cause remanded with instruction to the trial court to issue the writ.

Reversed and remanded with instruction.