## ERMINGER v. DANIEL.

No. 11456.

Court of Civil Appeals of Texas. San Antonio.

Jan. 3, 1945.

Rehearing Denied Jan. 31, 1945.

E. A. McDaniel, of McAllen, and Kelley & Looney, of Edinburg, for appellant.

Oxford, Oxford & Ramsour, of Edinburg, Strickland, Ewers & Wilkens and Magus F. Smith, all of Mission, and Royce A. Oxford, of Edinburg, for appellee.

MURRAY, Justice.

This suit was instituted by W. F. Daniel against F. O. Erminger seeking to engraft a parol trust upon a bill of sale, absolute upon its face, to certain electric phonographs or "juke" boxes situated in Hidalgo, Starr, Willacy and Cameron Counties.

The case was tried to a jury. Only one special issue was submitted to the jury and in keeping with the jury's answer thereto judgment was rendered in favor of W. F. Daniel, and F. O. Erminger has prosecuted this appeal.

■ Appellant's first point is: "Plaintiff not having alleged any amount of damages or the value of any property involved, the Court was without jurisdiction of the cause." We overrule this point.

Appellant made no objection to appellee's failure to allege any amount of damages or the value of any property involved until after the cause had been submitted to the jury. The evidence shows that the property involved was worth several thousand dollars. By such failure appellant waived the objection. Rule 90, Texas Rules of Civil Procedure; Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342.

■ Appellant's second point is: "The contract as testified to by plaintiff to establish a trust in the property involved is illegal and the Court, therefore, erred in submitting same to the jury and in rendering judgment thereon." We overrule this point. W. F. Daniel gave F. O. Erminger an absolute bill of sale to the phonographs or "juke" boxes involved in this suit. Appellee testified that he did this for the purpose of enabling appellant, Erminger, to secure a loan of some $7,200 from the Security State Bank at Pharr, Texas, and with the parol understanding that after the loan was repaid the property was to belong to appellee. The officer of the bank testified that if he had known that Erminger was not the absolute owner of the property he would not have made the loan. Appellee told the officer of the bank that the bill of sale was an absolute conveyance, which statement was false. Such facts do not render the bill of sale an illegal contract. The bank, having taken the security without any knowledge of a parol trust and in reliance upon appellee's statement that the conveyance to Erminger was absolute, was in a position to foreclose upon the property in case of default just as though it was the property of Erminger, and appellee would not be heard to contend otherwise. Under such circumstances the bank was fully protected and was in no way defrauded. Therefore, the bill of sale was in no sense an illegal contract. Citizens' Nat. Bank v. Sturgis Nat. Bank, Tex. Civ.App., 81 S.W. 550; Wallace v. Lewis, 60 Tex. 247; Watts v. Wofford, Tex.Civ. App., 239 S.W. 321; Garrison v. Citizens' National Bank of Hillsboro, Tex.Civ.App., 25 S.W.2d 231; Hawkins v. Willard, Tex. Civ.App., 38 S.W. 365.

■ After the execution of the bill of sale appellee and appellant agreed that appellee would discontinue the payment of a social security tax on appellant as his employe and that appellant should pay the income tax due from the money taken in from the juke boxes. This arrangement, of course, was improper if appellee was to remain the actual owner of the property. However, the purpose of executing the bill of sale was not to evade the social security tax or the income tax, the real and only purpose was to enable Erminger to borrow money on the property.

A contract is not rendered an illegal contract simply because in carrying it out illegal acts are committed. 17 C.J.S., Contracts, p. 545, § 190; Hennessy v. Automobile Owners' Association, Tex.Com. App., 282 S.W. 791, 46 A.L.R. 521; Featherston v. Boxberger, Tex.Civ.App., 255 S.W. 998; Cordova v. Lee, Tex.Sup., 14 S.W. 208.

■ Appellant's third point is: "The evidence was insufficient to authorize the submission to the jury the question of whether or not there was a trust." There was sufficient evidence to show that appellee conveyed these "juke" boxes to appellant to enable him to borrow money on them and with the understanding that when the debt was paid the "juke" boxes were to be reconveyed to appellee. Appellant paid nothing for this property. It was to his interest to borrow the money to keep the business going and thereby hold his job. He had a record shop and the continuation of the juke box business was very essential to his record shop business. The bank would not loan the money to appellee because he did not live in the Rio Grande Valley, but would loan it to appellant because he did live there. This and other evidence in the record was sufficient to show that

appellant held the property in trust for appellee and the question was properly submitted to the jury.

Appellant's fourth point is: "The Court erred in asking the jury whether or not there was a trust because the jury was thereby called upon to answer a question of law and authorized a speculation on their part."

The Court submitted but one special issue to the jury, which reads as follows:

"Do you find from a preponderance of the evidence that it was the agreement between the plaintiff and defendant at the time of the execution of the bill of sale in question, that the property described in said bill of sale, be held in trust by the defendant, F. O. Erminger, for the benefit of the plaintiff, W. F. Daniel? Answer 'yes' or 'no.'"

Appellant does not show what objection, if any, he made to this issue. The issue under all the facts and circumstances submitted a controlling issue of fact. Rule No. 279, Texas Rules of Civil Procedure; Blumrosen v. Burke, Tex.Civ.App., 32 S. W.2d 1070.

The judgment is affirmed.