EDD REPKA ET AL V. AMERICAN NATIONAL INSURANCE COMPANY.

No. A-387. Decided April 11, 1945.
Rehearing overruled May 9, 1945.
(186 S. W., 2d Series, 977.)

*John A. Ford* and *Harvey Ford,* both of Dallas, for petitioner.

The district court is without power to assume jurisdiction to review by injunction, the errors of inferior court, thus exercising a power not granted to it by the Constitution. Galveston H. & S. A. Ry. Co. v. Dowe, 6 S. W. 790.

*W. B. Hanley,* of Dallas, for respondent.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is an injunction suit instituted by the respondent, American National Insurance Company, in the district court of Dallas County, against the petitioner, Edd Repka, and his attorneys, to enjoin the prosecution by petitioner of two separate suits against respondent involving identical questions of law and fact pending in one of the county courts of Dallas County. Upon the presentation of respondent's verified petition the district court issued a temporary restraining order and rule to show cause why a temporary injunction should not issue. The petitioner, by motion to dismiss, challenge the jurisdiction of the court to grant the writ, and upon the hearing for temporary

injunction the trial court sustained petitioner's motion to dismiss for want of jurisdiction. The court dissolved the restraining order and refused further injunctive relief. The court of civil appeals reversed such judgment and remanded the cause with instructions for the trial court to issue the writ. 184 S. W. (2d) 157.

From the pleadings it appears that the respondent issued two life insurance policies upon the life of Edd J. Repka, one in the sum of $312.00 and one for $152.00, each providing for double indemnity for accidental death. The first was issued May 13, 1940, and the second August 19, 1940. The petitioner, Edd Repka, father of the insured, was named beneficiary in both policies. Each policy contained a provision that if death occurred by suicide, whether sane or insane, within two years from the date of the policy the liability of the company should be limited to the return of the premiums. The insured died of gunshot wounds on August 17, 1941, before the expiration of two years from the date of either policy.

Thereupon, petitioner filed suit against respondent on both policies in one suit in the district court of Dallas County for the full face value of both policies, including double indemnity and statutory penalties and attorney's fees, aggregating $1,389.-86. He alleged that the insured died from gunshot wounds either accidentally self-inflicted or at the hands of persons unknown. Respondent answered that the death was suicidal and denied liability except for the amount of the premium in the sum of $19.00 which was tendered and paid into court. That suit, which was prosecuted in forma pauperis, was tried twice in the district court, resulting in a mistrial in each instance because the jury could not agree on a verdict. After the discharge of the jury in the second trial petitioner took a voluntary nonsuit. At that time the court costs had accrued in the sum of $80.10 of which amount respondent had paid $55.00, leaving $25.10 unpaid.

Thereafter petitioner filed two separate suits in the county court of Dallas County seeking judgment upon one of the policies for $811.44 and the other for $422.24, and thus the jurisdiction of the county court would not permit the joinder of the two suits. Such action precipitated the filing of the instant suit in the district court wherein respondent sought to enjoin petitioner and his attorneys from prosecuting the separate suits in the county court upon the theory of avoiding a multiciplicy of suits and preventing vexatious litigation. It affirmatively appears

from the judgment of the trial court that the court's action in refusing injunctive relief was upon the theory that the district court was without jurisdiction to grant it. The court of civil appeals held that the district court not only had authority to grant the writ but that respondent was entitled to it and ordered that the same should be issued.

It is first necessary for us to determine whether the district court was authorized to grant the writ before passing upon the question as to whether it should be issued.

It is firmly established that equity will assume jurisdiction for the purpose of preventing a multiplicity of suits, the general principle being that the necessity of a multiplicity of suits in itself constitutes the inadequacy of the remedy at law wich confers equitable jurisdiction. 21 C. J. 72, Sec. 48. However, in the application of this principle there is so great a diversity of opinion in the decisions that it is difficult to formulate a uniform rule of guidance in the matter. It has been said that each case "if not directly brought within the principle of some preceding case must be decided on its own merits, in the exercise of sound legal discretion, the factors to be considered being the real and substantial convenience of all parties, the adequacy of the legal remedy, the situation of the different parties, the points to be contested, the situation of the different parties the points to be contested, and the result which would follow if jurisdiction should be assumed or denied, and particularly the constitutional right of a party to trial by jury." 30 C. J. S. 366, Sec. 42.

A very exhaustive treatment of this subject may be found in Pomeroy's Equity Jurisprudence, 4th Ed., Vol. 1, Secs. 244 to 275, where four conditions are announced and generally discussed in which a multitude of suits can arise and thus furnish a source or occasion for equity jurisdiction in their prevention. One of these conditions, which is material here, is where a single defendant has brought a number of simultaneous actions at law against the plaintiff, all depending upon similar facts and circumstances, and involving the same legal questions, so that a decision of one would virtually be a decision of all others. In discussing this class or example the text in section 254, page 429, states:

"A court of equity *may* then interfere and restrain the prosecution of these actions, so that the determination of all the matters at issue between the two parties may be brought within

the scope of one judicial proceeding and one decree, and a multiplicity of suits may thereby be prevented. It must be admitted that this exercise of the equitable jurisdiction is somewhat extraordinary, since the rights and interests involved, are wholly legal, and the substantial relief given by the court is also purely legal. It may be assumed, therefore, that a court of equity will not exercise jurisdiction on this particular ground, unless its interference is clearly necessary to promote the ends of justice, and to shield the plaintiff from a litigation which is evidently vexatious. It should be carefully observed that a court of equity does not interfere in this class of cases to restrain absolutely and completely any and all trial and decision of the questions presented by the pending actions at law; it only intervenes to prevent the repeated or numerous trials, and to bring the whole within the scope and effect of one judicial investigation and decision. It should also be observed that if the pending actions at law are of such a nature or for such a purpose, that, according to the settled rules of the legal procedure, they may all be consolidated into one, and all tried together by an order of the court in which they or some of them are pending, then a court of equity will not interfere; since the legal remedy of the plaintiff is complete, certain, and adequate, thereis no necessity for his invoking the aid of the equitable jurisdiction."

In 19 Amer. Jur. 95, Sec. 82, as to the elements to be considered in invoking this equitable jurisdiction, it is said:

"Factors which have been considered to be determinative of the question as to the court's jurisdiction include the following: The right of trial by jury; expense of the litigation; time of the court in settling the issues; delay and hardship incidental to the multiplicity of suits; the proceedings that have been instituted; and the number of suits that may be avoided. However, it seems generally to have been held that the court will not entertain a suit involving similar controversies where the object of coming into equity is merely to consolidate actions or avoid the expense of separate suits."

■ The fact that the complainant may have a remedy at law is not conclusive that such remedy is adequate and does not foreclose his right to equitable relief. In Rogers v. Daniel Oil & Royalty Co., 130 Texas 386, 110 S. W. (2d) 891, 896, on this issue this court said:

"If equity jurisdiction can interfere to prevent a multiplicity of suits, the condition of this record presents such facts or conditions as to call for the exercise thereof. It would be a paradox

to say that equity jurisdiction can be exercised top revent a multiplicity of suits and at the same time say that a legal remedy is complete and adequate, although it leads to such multiplicity. To our minds, if a remedy at law, though otherwise complete and adequate, leads to a multiplicity of suits, that very fact prevents it from being complete and adequate."

■ The above principles of equity jurisdiction have been applied by the courts of Texas in a number of instances, among which are the following cases: Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas 5, 7 S. W. 368; Gulf, C. & S. F. Ry. Co. v. Pearlstone (Tex. Com. App.) 53 S. W. (2d) 1001; Luttring v. American Fruit Growers, Inc., 49 S. W. (2d) 980; Supreme Lodge v. Ray, 166 S. W. 46; Stewart v. Orsburn, 41 S. W. (2d) 1008; Rogers v. Daniel Oil & Royalty Co., supra; Steger & Sons Piano Mfg. Co. v. MacMaster, 51 Texas Civ. App. 527, 113 S. W. 337; Standard Ins. Co. v. Dowdy, 122 S. W. (2d) 1107. By these and other authorities it seems settled in this State that a court of equity, in order to prevent a multiplicity of actions, may take jurisdiction of several controversies between the same parties involving similar facts and depending on the same questions of law so that a decision of one will be practically determinative of all.

The petitioner insists, nevertheless, that regardless of the rights of respondent the county court, and not the district court, is the only tribunal in which the relief sought may be granted. He contends that the county court is empowered to issue the writ and thus any order in that respect from the district court would be an invasion of the jurisdiction which has already attached in the county court.

■ It is settled that the court which first acquires jurisdiction of a cause maintains the same to the exclusion of all other courts of concurrent jurisdiction it has authority to dispose of the whole subject matter of the litigation and adjust all the equities of the parties, and no other court of co-ordinate authority is at liberty to interfere with its action. Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063, and authorities cited.

■ It must also be conceded that under the present Constitution county courts have authority to issue writs of mandamus and injunction in matters within their jurisdiction, and such power is not limited to instances "only when necessary to enforce their jurisdiction." Dean v. State, 88 Texas 290, 30 S. W. 1047, 31 S. W. 185; Jesse French Piano & Organ Co. v. Clay, 40 Texas

Civ. App., 638, 90 S. W. 682; Lazarus v. Swafford, 15 Texas Civ. App. 367, 39 S. W. 389; Art. 5, Sec. 16, Constitution of Texas. This general authority, however, is limited to cases where a money demand or its equivalent is involved wherein the amount in controversy exceeds $200.00 and does not exceed $1,000.00, exclusive of interest. State ex rel Johnson v. Hanscom, 90 Texas 321, 37 S. W. 601. In no event does such authority extend to actions in a court of chancery where the allegations of the petition are not such as to bring the case within the original jurisdiction of any other court but are sufficient to invoke equitable relief. In such instances the issuance of the writ is within the exclusive jurisdiction of the district court under that clause of the Constitution which provides that the district court "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution * * *." Cotton v. Rea, 106 Texas 220, 163 S. W. 2; DeWitt County v. Wischkemper, 95 Texas 435, 67 S. W. 882; Anderson v. Ashe, 99 Texas 447, 90 S. W. 872; Poe v. Ferguson, 168 S. W. 459.

■ Therefore, under no construction of the pleadings does the county court have jurisdiction of this proceeding. If it is to be construed as a suit involving a controversial amount or a money demand, the same is beyond the jurisdiction of the county court. If it is one solely for equitable relief independent of any jurisdictional amount, as we are inclined to view this suit, the county court is also without power to act. In either instance the district court is the only tribunal authorized to grant the relief and therefore there can be no invasion of the county court's jurisdiction when it has none.

Contrary to the view that the district court may enjoin a multiplicity of suits in the county court, is the case of Gulf, C. & S. S. Ry. Co. v. Cleburne Ice & Cold Storage Co., 37 Texas Civ. App. 334, 83 S. W. 1100, where it was held that the district court could not restrain the prosecution of suits pending in the county court. In so far as that holding is in conflict with the instant case it is expressly overruled. The better rule is evidenced in the more recent case of Luttring v. American Fruit Growers, Inc., 49 S. W. (2d) 980, where such relief was granted against suits both in the county and justice courts, although no question apparently was raised as to jurisdiction. In all the other cases above cited the suits enjoined were either pending or threatened in the justice court. But we are of the opinion there is no more reason to deny the relief against suits in the county court where the subject matter is beyond that court's

jurisdiction than there is to deny the writ against suits in the justice court where there is no equitable remedy at all. We therefore hold that the court of civil appeals correctly decided that the district court had authority to issue the writ.

■ We are not in accord , however, with the holding of the court of civil appeals directing the trial court to issue the writ. The grant or refusal of an injunction is ordinarily within the sound discretion of the trial judge, and his action will be reversed only when a clear abuse of that discretion is shown. Herman v. Forrest, 294 S. W. 624; Davidson v. Wells, 233 S. W. 518; Miller v. Dickinson, 236 S. W. 1014; Beall v. Barsch, 37 S. W. 761. Since the application therefor was dismissed for the alleged lack of jurisdiction, the trial judge has not exercised that prerogative. In the light of the above principle governing the issuance of the writ, it will be seen there are various elements in each case which must be weighed by the trial judge in the exercise of his discretion in the granting or refusal of the writ. These factors are prevalent in this case, and in our judgment are such that the trial judge would more nearly abuse his discretion in granting the equitable relief than in its refusal.

■ One of these very pertinent factors is that only two suits are sought to be enjoined and therefore only one is to be avoided by the granting of the writ. Since there might be other circumstances invoking the aid of equity the paucity of suits may not be determinative in all cases, but it is certainly an element to be considered as bearing upon the real and substantial convenience of the parties, the expense and time in settling the issues, and the adequacy of the legal remedy.

As more decisive of this question, and which we think controlling, is the fact that the pleadings suggest that each of the two claims of petitioner might be defeated by the same issue, which if established in one suit would operate as a bar to the prosecution of the other. Therefore, a multiplicity of suits might be avoided in the legal proceedings in the county court without resort to equitable relief. We refer, of course, to the defense of suicide, which if found against petitioner in either suit would be conclusive as to the other. Foster v. Wells, 4 Texas 101; Nichols v. Dibrell, 61 Texas 539; Herman v. Allen, 103 Texas 382, 128 S. W. 115; Forman v. Massoni, 176 S. W. (2d) 366 writ·refused) ; State of Oklahoma v. State of Texas, 256 U. S. 70, 41 Sup. Ct. 420, 65 L. Ed. 831.

An accurate pronouncement of this doctrine is to be found in Southern Pacific Railroad Co. v. United States, 168 U. S. 1,

18 Sup. Ct. 18, 42 L. Ed. 355, wherein the Supreme Court of the United States, said:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

We therefore conclude that for the reasons stated the trial court erred in dismissing the petition for want of jurisdiction and the court of civil appeals erred in granting the writ.

The judgment of both courts below are reversed and the cause is remanded to the trial court.

Opinion adopted by the Supreme Court April 11, 1945.

Rehearing overruled May 9, 1945.