## GOTTSCHALK v. GOTTSCHALK.

No. 9724.

Court of Civil Appeals of Texas. Austin.

May 19, 1948.

Rehearing Denied June 9, 1948.

Scarborough, Yates, Scarborough & Black and J. R. Black, Jr., all of Abilene, for appellant.

Paul Petty, of Ballinger, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order granting (pending hearing upon the merits) a temporary injunction, enjoining Carl Gottschalk (in a suit brought by his father, R. Gottschalk) from "moving any existing fences on, and from placing any new fences on" three specifically described tracts of land in Runnels County.

The record shows: The father had a life estate in 200 acres of the land, with remainder in Carl. June 20, 1947, Carl and his father entered into a written contract by which Carl leased the 200 acres, beginning January 1, 1948, for the term of his father's life, for an annual rental of $500, payable $200 on January 1 and $300 July 1 of each year. January 5, 1948, the father brought suit against Carl in the District Court of Runnels County for title and possession of the land. The same day he brought this suit in the County Court of Runnels County, alleging that he was entitled to such possession. Carl filed a "Plea in Abatement" setting up the District Court suit, and asserting want of jurisdiction in the County Court, in that the suit involved the title and right of possession of land. The plea was overruled and temporary injunction granted as stated.

The pertinent principles of law involved are well settled, and their application (as we think and hold) is plain. They are:

1. Where neither the title to an interest in or right of possession of land is in dispute, the County Court has jurisdiction to enjoin a trespass upon or injury to the land, the amount of damage in controversy being within that court's jurisdiction. See Repka v. American Nat. Ins. Co., 143 Tex. 542, 186 S.W.2d 977.

2. "If, on the other hand, the suit be * * * one to prevent an infringement of * * * right of possession of real estate * * * the district court alone would have jurisdiction. Benavides v. Benavides, Tex.Civ.App., 174 S.W. 293; Stewart v. Patterson, Tex.Civ.App., 204 S.W. 768; Graham v. Omar Gasoline Co., Tex.Civ.App., 253 S.W. 896. See also Carey v. Looney, 113 Tex. 93, 251 S.W. 1040." St. Matthews Methodist Church v. Watrous, Tex.Civ.App., 191 S.W.2d 489, 491. Many other cases might be cited. See Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885; Posey v. Williamson, Tex.Civ.App., 134 S.W.2d 335; Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834.

While the record does not show the basis of the District Court suit, it is plain that as a possessory action it could not be maintained without invalidating the lease, upon which Carl's right of possession depended. Either the lease was invalid ab initio, or had terminated upon some authorizing breach. These issues, which clearly involved Carl's asserted right of possession of the land, could not be adjudicated in the County Court. The right to construct fences upon the property depended upon this right of possession, and an enforced prevention of the exercise of such asserted right constituted an infringement thereof,—a question which the District Court alone had jurisdiction to adjudicate. The trial court should have sustained the plea in abatement and dismissed the suit.

The temporary injunction is dissolved.

Injunction dissolved.

On Appellee's Motion for Rehearing.

Appellee insists we have misconstrued the record; that the suit was tried upon the conceded theory that the lease was

valid, the basis of suit being that the son in constructing fences on the property was committing waste and violating the express requirement of the lease, to deliver the premises to lessor at its expiration "in as good condition as the same were in when received, reasonable wear and tear thereof excepted"; and that the suit did not involve the right of possession of real estate, but was merely to protect the property from waste by the tenant, the amount of injury involved being within the county court's jurisdiction.

There are three reasons why this theory cannot be maintained.

First. The record not only does not show, but refutes the assertion that appellee recognized the validity of the lease. His petition asserted specifically that he (not the son) was "entitled to the possession" of the property. True, he testified that he signed the lease; but the son testified without contradiction that the father had refused to accept the $200 instalment of rent due January 1, 1948; and the father testified: " * * * I understood that I was to get a third of the feed and a fourth of the cotton in addition to the cash. I am suing Carl for all the land involved herein in the district court." This showed a clear repudiation of the lease, the inference being that it did not embody the terms agreed upon. The cited case of Turner v. McNutt, Tex.Civ.App., 197 S.W.2d 143, merely held that the tenant might be enjoined from committing waste or otherwise injuring the property. It originated in the district court, and no issue of jurisdiction was involved.

Second. Even were the validity of the lease conceded, the right to construct or change location of fences—a right asserted by the son, but denied by the father—was one which concerned the use and enjoyment of possession incident to the lease. The son testified: the previous year he worked this and other contiguous land on the third and fourth; at the father's request he moved off the other land and just had this 200 acres; the previous lease was verbal; the father

wanted a written lease and cash rental, and had the lease drawn; his father employed a surveyor whom he agreed to pay; he was commencing to build a fence where the surveyor fixed the line "between the land I have leased and my father's land." The father testified: "Carl put the fence on the low ground, and I wanted it on the hill. I did not agree to hire a surveyor." Clearly the right to construct the fence was the bone of contention. The district court alone had jurisdiction to determine the existence vel non of that right.

Third. Even conceding, arguendo, that the county court in other respects would have jurisdiction, the record both as to pleading and proof, is void of any showing that the amount in controversy was within that court's jurisdiction (in excess of $200 and not of $1,000). Under Rule 90, Texas Rules of Civil Procedure, this defect as to pleading is waived if not raised in the trial court. Erminger v. Daniel, Tex. Civ.App., 185 S.W.2d 148, 149. We do not understand that this rule dispenses with proof of essential jurisdictional facts. In fact the Erminger opinion states: "The evidence showed that the property involved was worth several thousand dollars." Here there was no evidence whatever of the amount involved. In fact the only evidence of any injury to the father was his testimony that: "His action in building such fence was injurious to my health, and it worried and annoyed me, and if he should continue to build said fence his action will be injurious to my health and will worry me." The findings of the trial court that building the fence will 1) damage the land in an amount within the jurisdiction of the court, and 2) will injure the father's health in an amount within the jurisdiction of the court, has no support in the evidence. We did not discuss this issue in our original opinion because it is immaterial under our other holdings. We discuss it now only because our failure to do so is assigned as error in the motion.

The motion is overruled.

Overruled.