**Enrique GRACIA, doing business as Alamo Broom Factory, Appellant,**

v.

**J. L. BECK, doing business as Fortuna Broom Company, Appellee.**

**No. 10361.**

Court of Civil Appeals of Texas.

Austin.

Jan. 4, 1955.

Wolff & Wolff, San Antonio, for appellant.

Wade & Wade, Beeville, for appellee.

ARCHER, Chief Justice.

Appellee herein is in the business of manufacturing and selling brooms and Enrique Gracia, the appellant herein, is likewise in the same business. Appellee, on the 9th of March 1953, filed a suit in equity in the Court below alleging that appellee was the owner of a certain trade-mark and that appellant was infringing upon such trade-mark and that appellant was also engaging in unfair competition as to appellee and sought damages for infringement and for unfair competition as well as an injunction to restrain appellant from continuing to engage in such alleged conduct. In answer thereto appellant filed his plea of privilege praying that he be sued in the county of his residence. Appellee controverted such plea of privilege setting up Exceptions 7 and 9 of Article 1995, Vernon's Ann.Civ.St., as a basis for maintaining venue in Bee County, Texas, as opposed to Bexar County, Texas, the place of residence of appellant.

The appeal is predicated on two points of error which are:

"The Court erred in overruling appellant's plea of privilege because appellee failed to prove a prima facie case of infringement as was necessary in order to maintain venue in the county other than where appellant was domiciled, because under the facts the alleged trade-mark of appellee and the alleged mark used by appellant were so dissimilar as to make it highly improbable to confuse the product of one for the other.

"The Court erred in overruling appellant's plea of privilege because appellee failed to prove a prima facie case of infringement as was necessary in order to maintain venue in the county other than where appellant was domiciled, because as a matter of law the alleged trade-mark of appellee and the alleged mark used by appellant were so dissimilar as to make it highly improbable to confuse the product of one for the other."

Appellee takes the position that the facts show that appellant was manufacturing and selling brooms so similar to appellee's trade-mark as to confuse the purchasers of such brooms.

In cases of infringement the test is, under the facts appearing in each particular case, whether the similarity of names, or devices as used by the parties, is such as to mislead customers and to warrant the action of a court and is mainly a question of fact to be determined by the circumstances appearing and may be enjoined as unfair competition. Suniland Furniture Co. v. Sunnyland Wholesale Furniture Co., Tex.Civ.App., 235 S.W.2d 674;

Marshall Mfg. Co. v. Verhalen, Tex.Civ. App., 163 S.W.2d 665; Plaza Co. v. White, Tex.Civ.App., 160 S.W.2d 312.

It was essential that appellee introduce such testimony on the hearing on the plea of privilege to make out a prima facie case of infringement.

The pleadings of plaintiff, appellee herein, are somewhat lengthy and allege that defendant, appellant herein, was infringing upon plaintiff's trade-mark, by the use of a circumferential brand similar to and which simulates and is calculated to be mistaken for the trade-mark of plaintiff.

Plaintiff had pleaded that for a long time prior to the institution of the suit he had been manufacturing brooms of a high quality and had placed on the handles of such brooms, as identifying such product of his manufacture, three circumferential brands burned on the handles, spaced approximately twelve inches apart, and by the adoption of said burned brand trade-mark in 1926 and its continued use in his trade since said dates, he has acquired a property right.

Further allegation was made that on March 2, 1926, he caused his trade-mark to be registered in the Patent Office and in the office of the Secretary of State of Texas; that the defendant deliberately and fraudulently infringed the said trade-mark by placing on the handle of defendant's broom handle two circumferential burned brands spaced twelve inches apart, the top brand at the tip of the handle, and being black in contrast with the natural color of the wood in such manner as was calculated to deceive and mislead purchasers. That the defendant has sold and distributed in Bee County, Texas, and elsewhere such brooms, and that such activities tended to mislead the public and the buyers and users of such brooms; that all of this was done with full knowledge on the part of defendant of the trade value of the burned brand trade-mark and that defendant copied, colorably initialed plaintiff's trade-mark in a manner calculated to cause confusion in the public mind, and that such acts tend to divert and have diverted from plaintiff his

customers and prospective customers and if defendant is permitted to continue to infringe said trade-mark will divert to himself from plaintiff future trade and benefit; that plaintiff notified defendant on February 13, 1952 by letter that he was violating plaintiff's trade-mark and prayed for an accounting for damages and for an injunction.

The defendant filed his plea of privilege to be sued in Bexar County, Texas, his residence.

Controverting plea was filed by plaintiff and alleged that defendant had committed a crime or trespass in Bee County, Texas, within the meaning of Exception 9 to Article 1995, V.A.C.S.

Hearing was had and testimony taken by the court and the plea of privilege overruled.

There is no direct evidence that appellant ever sold any brooms in Bee County, Texas.

The defendant Enrique Gracia called as an adverse witness testified concerning the manufacture of his brooms and of receiving a letter from plaintiff complaining that' the brooms were like his trade-mark and that plaintiff sold some brooms with the markings on the handle and identified exhibit 8 as a broom manufactured by him; that he did not intend to fool the public and testified as to a letter written for him by his relative to appellee in which he expressed regrets for using the trade-mark and would discontinue such use but such use was continued. This letter was in reply to one written by plaintiff to defendant concerning the use of the trade-mark.

Appellee Beck testified concerning his broom manufacturing business extending over a long time, and as to the use and record of the trade-mark and as to the use of a similar mark or design by appellant; of a visit to the plant of appellant in San Antonio and of finding a large number of broom handles bearing his trade-mark; of seeing appellant's broom in stores. The witness identified a broom manufactured by him with the trade-markings and one manufactured by appellant with markings which

he testified were similar to his own. The exhibits, both brooms, were in evidence and are before us.

The witness Massengale testified that several brooms like Exhibit No. 8 (being a broom manufactured by appellant) were found by him in Edward's Store in Pawnee, in Bee County, Texas, and saw other similar brooms in other stores in Bee County exposed for sale.

This is a venue case and since the proof fails to sustain a trespass by the sale of brooms by appellant in Bee County the court was in error in overruling the plea of privilege.

The order overruling the plea of privilege is reversed and the cause remanded with instructions that the case be transferred in accordance with the prayer of said plea of privilege to one of the District Courts of Bexar County, Texas.

Reversed and remanded with instructions.