**BULL AND BEAR CLUB, INC., Appellant,**

v.

**SAN ANTONIO BULL AND BEAR CLUB, Appellee.**

**No. 14657.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 31, 1968.

Tom H. King, San Antonio, for appellant.

W. Pat Camp, John M. Gilliland, Joe C. Lockhart, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, a non-profit Texas corporation, filed this suit seeking permanent injunctive relief enjoining appellee, a non-profit Texas corporation, from utilizing the name "Bull and Bear Club," with or without geographical suffix or prefix. The trial court denied all relief after a non-jury trial.

Appellant asserts four points, but all relate to the basic question of whether the trial court abused its discretion in denying injunctive relief. Repka v. American Nat. Ins. Co., 143 Tex. 542, 186 S.W.2d 977, 981 (1945); Lee v. Bowles, 397 S.W.2d 923, 926 (Tex.Civ.App.—San Antonio 1965, no writ). The Secretary of State is not involved in this action. Cf. Steakley v. Braden, 322 S.W.2d 363 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.).

The evidence is largely undisputed and is based on stipulations of the parties, together with the depositions of Vernon Daniel and Charles H. Heidingsfelder, Jr., and exhibits attached to same. Appellant was incorporated in 1957. Its registered office is 1222 Bank of the Southwest Bldg., Houston, which is the law office of Mr. Heidingsfelder. This corporation was organized at the instance and expense of Mr. Heidingsfelder and he, his sister and a close friend are the incorporators and have been the only officers since its creation. This corporation has a bare charter with no by-laws; a social club, as authorized by the purpose charter has never been formed, and such authorized club has no emblem or insignia and no assets, although the corporation has filed franchise tax returns in due time each year.

On July 29, 1966, a charter, as a non-profit corporation, was issued appellee upon the application of seventeen incorporators. The registered office is 205 East Houston Street, San Antonio, which is the address of the Gunter Hotel, where the corporation has leased space for operation of a private social club. It has a club room and provides food, drink and entertainment for its members and their guests. It uses the name "San Antonio Bull and Bear Club" in many ways, in that an emblem or crest was designed featuring this name, and this crest, with or without the geographical prefix, is on the door, dishes, glasses, napkins and other advertising materials used by this club.

Mr. Daniel is the manager of the Gunter Hotel and one of the original incorporators of appellee. He testified that the corporation was originally to be named "Bull and Bear Club" because there are various stock exchanges in the Gunter Hotel area, and he liked this name when he saw it on a club room at the Waldorf-Astoria Hotel in New York City.

After preliminary plans were made and some items ordered which were marked "Bull and Bear Club," it was learned from the Secretary of State of Texas that such name was not available. Daniel made inquiry, through a mutual friend of his and Mr. Heidingsfelder, in an effort to obtain consent of appellant to the use of such name. Mr. Daniel gained the impression

that appellant wanted a large cash payment for use of the name and made no direct effort to obtain consent. Rather, the incorporators decided to change the proposed name to "San Antonio Bull and Bear Club," which name was approved by the Secretary of State and the charter was obtained. See Art. 1396–2.04 Vernon's Ann. Civ.St. At the time of the trial there were 165 members of appellee, most of whom are connected with the stock brokerage business.

Formal findings of fact and conclusions of law were filed by the trial court. It found in part: that appellee adopted its name in good faith; that there has been no confusion between the two names, specifically not by those applying for membership in appellee; that appellee does not hold itself out to be the same as the appellant corporation; that San Antonio and Houston are more than 200 miles apart, and in different trade territories; that the two names are not deceptively similar and are not confusing; and that appellant has suffered no injury or damage of any kind. The court concluded: that appellant is not entitled to exclusive use of the name "Bull and Bear Club" in San Antonio or Bexar County; that appellee has not been guilty of unfair competition; that the public will not be confused or misled to believe that appellee is the same corporation as appellant; that the Secretary of State by issuing appellee's charter conclusively found that all required conditions precedent had been performed by the incorporators of appellee and that the names were not similar; and that appellant is not entitled to injunctive relief.

Appellant relies primarily upon Grand Temple and Tabernacle in State of Texas of Knights and Daughters of Tabor, etc. v. Independent Order, K. & D. of Tabor of America et al., 44 S.W.2d 973 (Tex.Com. App.1932), wherein the following rule is set forth: "A corporation cannot lawfully adopt either the same name as that of an existing corporation created by or under the laws of the state, or of an unincorporated association or partnership therein, or a name so similar to that of an existing corporation created by or under the laws of the state, or of an unincorporated association or partnership therein, or a name so similar to that of an existing corporation or association that *its use is calculated to deceive the public and result in confusion or unfair and fraudulent competition* (14 C.J. p. 312), and may be enjoined from such use, whatever may be the character of the corporations, and whether or not they are formed for profit, to the same extent and upon the same principles that individuals are protected in the use of trade-marks and trade-names (14 C.J. p. 326)." (Emphasis added.)

 The test of whether a corporation is entitled to an injunction against use by another corporation of a similar trade-name is whether the similarity of names, trade-marks, etc., used by the parties are such as to mislead the public. Such question is ordinarily for the trier of facts. Gracia v. Beck, 286 S.W.2d 234 (Tex.Civ.App.— Austin 1955, no writ); Rogers v. Broughton, 250 S.W.2d 606 (Tex.Civ.App.—Austin 1952, writ ref'd n. r. e.); Suniland Furniture Co. v. Sunnyland Wholesale Furniture Co., 235 S.W.2d 674 (Tex.Civ.App.—Dallas 1950, writ ref'd); Plaza Co. v. White, 160 S.W.2d 312 (Tex.Civ.App.—San Antonio 1942, writ ref'd); Lowe & Archer, Texas Practice, Injunctions, § 289.

 Appellant urges that as a matter of law the names are deceptively similar and confusing and that since it did not consent to the use of this name, the injunction should lie. In determining these points, we are required to examine the record under the no-evidence test. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361. We conclude from such examination that there is more than a scintilla of evidence to support the findings of the trial court that the public will not be confused or misled by the names of these two corporations and that

appellee has not been guilty of unfair competition.

There is no evidence that appellant's existence is even known to anyone other than the three incorporators. Mr. Heidingsfelder testified that his purpose in forming appellant was to open a private club in Houston when he organized the Houston Stock Exchange. Such a corporation has been in existence since he formed this corporation in 1933, but it has never done anything other than elect officers and pay its franchise tax. Appellee is a private club operating only in San Antonio and a membership application is required to join. Only members and their guests may visit this club. Mr. Heidingsfelder admitted that he did not know of any confusion over the two corporations and that appellant had suffered no damage up to the time of the trial, from the use of the name "Bull and Bear Club" by appellee.

The trial court did not abuse its discretion in concluding that appellant was not entitled to injunctive relief under its findings of fact. The judgment is affirmed.