# Supreme Court of Texas

No. 24-0382

In re Brianna Dailey,

*Relator*

On Petition for Writ of Mandamus

JUSTICE YOUNG, concurring in the denial of the petition for writ of mandamus.

This petition for writ of mandamus arises from a forcible-entry-and-detainer action brought by the Housing Authority of the City of Bastrop against Brianna Dailey. Dailey, relator in this Court, contends that the trial court—a justice court in Bastrop County—abused its discretion by disqualifying her counsel. She seeks mandamus relief to correct the alleged error. A claim such as Dailey's would not evade this Court's review if properly presented, but an original proceeding in this Court is not a proper way to present the claim because we lack jurisdiction to issue a writ of mandamus directed to a justice court unless it is necessary to preserve this Court's jurisdiction. I therefore concur in the denial of Dailey's petition for a writ of mandamus. I write separately to explain why and to set out what I regard as the proper procedure for challenging rulings such as the one to which Dailey objects.

I begin with the premise that this Court's primary function is

appellate. Article V, § 3(a) of the Texas Constitution, however, provides that "[t]he Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." In turn, the statute describing this Court's general mandamus jurisdiction simultaneously announces some proper respondents ("a statutory county court judge, a statutory probate court judge, a district judge, a court of appeals or justice of a court of appeals, or any officer of state government") and excludes some potential respondents ("the governor, the court of criminal appeals, or a judge of the court of criminal appeals"). Tex. Gov't Code § 22.002(a). The only *constitutionally* impermissible respondent is the governor. See Tex. Const. art. V, § 3(a). But given the enumeration in the current statute, and that the enumeration does not include justice courts (although they are not expressly disclaimed by statute, either), the sounder approach has been to regard this Court's mandamus jurisdiction as not reaching such courts unless it is necessary to enforce our own jurisdiction. *See Pope v. Ferguson*, 445 S.W.2d 950, 952 (Tex. 1969) ("[E]xcept to enforce its own jurisdiction, the Supreme Court has only such original jurisdiction to issue writs of mandamus 'as may be specified' by the Legislature."). The same principle is true of the courts of appeals whose jurisdiction is also subject to the Constitution (which does not mention their mandamus jurisdiction) and to statutory restrictions. *See* Tex. Const. art. V, § 6; Tex. Gov't Code § 22.221.

This Court's and the courts of appeals' lack of mandamus jurisdiction over a justice court's rulings does not render a justice court's interlocutory orders unreviewable in either court, however. As Dailey did

here, parties can seek mandamus relief in the appropriate county court. *See* Tex. Gov't Code § 25.0004(a) ("A statutory county court or its judge may issue writs of injunction, mandamus, . . . and all writs necessary for the enforcement of the jurisdiction of the court."). "[C]ounty courts have authority to issue writs of mandamus and injunction in matters within their jurisdiction, and such power is not limited to instances 'only when necessary to enforce their jurisdiction.'" *Repka v. Am. Nat'l Ins. Co.*, 186 S.W.2d 977, 980 (Tex. 1945). Review does not stop there. Any party unsatisfied with a county court's decision can perfect an appeal to the appropriate court of appeals and, if necessary, petition this Court for review. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 795 n.1 (Tex. 1991) ("An original proceeding for writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit.").

This pathway is more opaque than most others in our civil-justice system. But it should not obscure the underlying point that this Court's inability to accept jurisdiction over original proceedings challenging actions in justice courts does not foreclose review of such actions. To the contrary, the pathway that *Anderson* describes should make it easier, not harder, to correct errors. Coming directly to this Court, however, is not a proper way to do so. Accordingly, with these observations and without expressing any view as to the underlying merits of relator's claims, I concur in the denial of the petition for writ of mandamus.

Evan A. Young
Justice

**OPINION FILED:** July 5, 2024

3