Lucille ADCOCK, Relator,

v.

Honorable Homer E. STEPHENSON et al., Respondents.

No. 6115.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 21, 1957.

W. T. Briggs, Pt. Arthur, for appellant.

Stephenson & Stephenson, Orange, for appellee.

HIGHTOWER, Justice.

This is an original proceeding by Lucille Adcock, relator, for the issuance of writs of mandamus and prohibition against the Honorable Homer E. Stephenson, District Judge of Orange County, Texas, and Willie Adcock, respondents, under and by virtue of Articles 1823 and 1824, Vernon's Ann.Civ. Stat. as they relate to the Courts of Civil Appeals:

"Art. 1823. Writs of mandamus, etc.— Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

"Art. 1824. May mandamus districts courts—Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

On May 14, 1956, Lucille Adcock, relator herein, filed her petition for divorce in the district court of Orange County, Texas, against her husband, Willie Adcock, who answered only by general denial. On written motion of relator her petition was dismissed by respondent Stephenson on the 21st of November, 1956. The same day, the 21st day of November, 1956, relator filed a similar petition for divorce against respondent Adcock in the district court of Jefferson County, Texas.

Whereupon, on the 27th day of November, 1956, respondent Stephenson, acting upon the motion of respondent Adcock to the effect that such dismissal was secured by the fraud and deceit of relator's attorney in representing to the Court that the litigants would probably effect a reconciliation, reinstated the petition previously filed by relator in the District Court of Orange County and ordered that a hearing be had on the 11th of December, 1956 to determine whether the order of reinstatement should be made permanent. Respondent Adcock then filed his cross action for af-

firmative relief to the petition thus reinstated.

Thereafter, on the 5th day of December, 1956, the District Court of Jefferson County dismissed relator's petition in said court, after sustaining a plea in abatement filed thereto, by respondent Adcock, alleging the pendency of the suit in Orange County.

Relator has not yet perfected her appeal from the ruling of the District Court of Jefferson County on the plea in abatement, but has elected, by this proceeding, to compel respondent Stephenson to set aside his order reinstating her petition in the District Court of Orange County, and to assume no further jurisdiction of said cause.

■ Relator not having appealed from the Jefferson County Court's ruling sustaining the plea in abatement, cannot, therefore, invoke our jurisdiction under the provision of Art. 1823, supra, as such article is only authority that a Court of Civil Appeals may issue these extraordinary writs only for the purpose of enforcing its appellate jurisdiction, and this court's jurisdiction not yet having been solicited, such article is presently inapplicable; Texas Employers' Ins. Ass'n v. Kirby, Tex.Civ.App., 150 S.W.2d 123; 137 Tex. 106, 152 S.W.2d 1073.

■ Art. 1824, supra, is authority for a Court of Civil Appeals to order a district or county court to proceed to trial and judgment in a case, and when properly invoked, and when a lower court is thereby ordered to proceed to trial, such order would, of itself, preclude all other trial courts from taking jurisdiction of the same cause of action between the same parties. Rathbun v. Boyd, Tex.Civ.App., 155 S.W.2d 385; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Wheelis v. Wheelis, Tex.Civ.App., 226 S.W.2d 224. As above noted, relator has not requested that respondent Stephenson be required to proceed to trial, but to the contrary, for this is exactly what said respondent appears to have done. Instead, relator has requested this court to order

respondent Stephenson to vacate his order of November 27, 1956, reinstating relator's petition in said court. This we may not do, as the matter stands, for we must assume that, should the hearing be had on respondents' motion to permanently reinstate relator's petition, respondent Stephenson would act according to the best principles and usages of the law; Lopp v. Perry, Tex.Civ. App., 164 S.W.2d 259. Further, the Courts of Civil Appeals do not possess such supervisory control over district courts. Brock v. Briggs, Tex.Civ.App., 223 S.W.2d 645; Walker v. Lindsey, Tex.Civ.App., 298 S.W. 2d 195.

Relator has not made the presiding judge of the District Court of Jefferson County a party to this proceeding and thereby requested this court to order such judge to proceed to trial and judgment, as we may have been empowered to do under Art. 1824, supra. Should he have done so, and should we be inclined to grant such request, we must then observe that the Jefferson County judge has not refused to proceed to trial and judgment; that to the contrary, he has proceeded by entertaining respondents' plea in abatement, and rendering a final judgment of dismissal thereon, subject to his modification or annulment of the same, on his own initiative, or the granting of a new trial, from which latter order an appeal may be taken.

We mean to say, in keeping with the weight of authority, that relator's relief, as here sought, may be adequately obtained on appeal, for, should we not be in accord with the ruling of the Jefferson County district court on the plea in abatement, upon reversal thereof, we would be constrained, in order to protect the enforcement of this court's judgments, to prohibit the respondents from further proceeding in the District Court of Orange County.

In connection with the foregoing, it is clear that, should the trial court of Jefferson County not set aside its ruling on the plea in abatement and proceed to trial on the merits of the case, or grant a new trial therein, on appeal this court must order it to do so, and if necessary, prohibit the District Court of Orange County from interfering with the orderly conduct thereof, for it is not, as contended by either of the parties herein, a question of whether respondent Stephenson was authorized, under the circumstances, to reinstate relator's cause of action after its dismissal, but simply a question of which court first acquired the jurisdiction and duty to try the case. See the above cited authorities.

Such question must, of course, be resolved in favor of the District Court of Jefferson County, as when respondent Stephenson entered the order dismissing relator's petition in his court, such was a final judgment releasing such court of its jurisdiction first acquired, whether or not obtained by fraud or deceit. Relator, by subsequently filing her petition in Jefferson County and securing service of process on respondent Adcock, as was done, conferred jurisdiction on such District Court to the exclusion of all other courts, and the subsequent reinstatement of relator's petition in the District Court of Orange County, could not have the effect of relating back to the date it was first filed so as to deprive the District Court of Jefferson County of its jurisdiction.

So, although under the present state of the record we may not be authorized to order the District Court of Jefferson County to vacate its judgment on respondent Adcock's plea in abatement and proceed to trial on the merits of the case, we do recommend that it do so, in view of the foregoing reasoning and authorities, and, by the same reasoning, we recommend that the District Court of Orange County assume no further jurisdiction in the matter.

Writs of mandamus and prohibition are denied.