**H. M. POUNDS, Appellant,**

v.

**A. L. CALLAHAN et al., Appellees.**
**No. 6350.**

Court of Civil Appeals of Texas.
Beaumont.
May 26, 1960.

County by appellant seeking to require respondent, A. L. Callahan, as justice of the peace Precinct 8 of said county to set aside all notations and orders made, and process theretofore issued by him in a certain forcible detainer suit, and to dismiss the detainer suit if the complaint therein were not amended within a reasonable time. The application made the complainant in the detainer suit, B. M. Ragan a party respondent.

The forcible detainer action was filed in the justice court of appellee A. L. Callahan on February 20, 1959 by appellee Ragan. The sworn application for mandamus stated that the complainant failed to allege the property was situated in Justice Precinct No. 8 of said county; that while no citation was served upon appellant as defendant therein, he was handed on or about February 21, 1959 a copy of said complaint by a deputy sheriff of the county; that while appellant never appeared nor waived notice the justice of the peace on March 2, 1959 made the following notation on his docket:

"This cause set for hearing on March 2, 1959, at 9:00 o'clock A.M. and the Plaintiff, B. M. Ragan having appeared in person and by his attorney, and the Defendant H. M. Pounds, having failed to appear by answer filed herein, and either in person or by attorney upon motion of the Plaintiff, B. M. Ragan, Judgment by default against said Defendant is hereby granted for damages in the amount of $199.00, for restitution of premises of Plaintiff, costs of suit adjudged against the Defendant, all as per order and decree on file herein.

"Docketed, Rendered and Entered this 2nd day of March, A.D.1959.

"s/ A. L. Callahan"

W. G. Walley, Jr., Beaumont, S. Norris Rowland, Liberty, for appellant.

Cain & Friend, Liberty, for appellees.

McNEILL, Justice.

An application for writ of mandamus was filed in the County Court of Liberty

The application then alleged that the justice has never since "filed any order or decree in said cause of any kind or character as mentioned in said docket notation

* * * *"; that appellant did not learn of said notation of the justice until his attorney arrived at the office of the justice after said notation had been made; that though the complaint failed to describe the premises so as to confer jurisdiction upon the justice court and although no formal order as mentioned in the above notation was made and signed, the justice of the peace on or about July 22, 1959 issued a writ of restitution for the premises and placed same in the hands of an officer for execution and the officer was threatening to execute the same "despite the voidness thereof." The application was presented to the County Judge of the county who set a hearing thereon. After notice thereof the hearing was held and the County Court refused to grant the relief prayed for, his judgment reciting in part:

"* * * and the Court having heard the pleadings, the evidence and the argument of counsel, and being of the opinion that the Plaintiff failed to file an Appeal Bond within five (5) days pursuant to a valid judgment rendered in Cause No. 14A in the Justice Court of Precinct No. 8, Liberty County, Texas, styled B. M. Ragan vs. H. M. Pounds as required by the Texas Rules of Civil Procedure relating to forcible entry and detainer proceedings; * . * *".

Appellant has filed brief herein, but appellees have not. The only point urged by appellant is that since his application for mandamus was verified and since appellees failed to join issue on his allegations they must be taken as true and the trial court erred in denying the application. Appellee Callahan appeared in person at the hearing but has filed no defense. Appellee Ragan filed an unverified answer to the application. This answer contained a general denial, a paragraph setting forth the justice's docket notation above quoted and alleged it was in itself a final judgment in the forcible detainer action; a paragraph alleging that appellant failed to file an appeal bond from said judgment within five days after its date; a paragraph that the appeal bond filed was not in conformity with law. It is not proper to act upon the matter stated in appellant's brief, for while it is not raised, we think the question of jurisdiction of the County Court to act upon the merits of the application for mandamus must be noticed. In our opinion the court had no jurisdiction of the action and consequently this court on appeal does not have. The County Court has jurisdiction to grant writs of mandamus to enforce its own jurisdiction. Art. 1957, R.S.1925, Vernon's Ann.Civ.St. art. 1957; Berume v. Hughes, Tex.Civ. App., 275 S.W. 268; State v. McKenna, Tex.Civ.App., 253 S.W.2d 285. But the jurisdiction it may enforce (and protect) is not a potential, but an active jurisdiction. Winfrey v. Chandler, Tex., 318 S.W. 2d 59; Adcock v. Stephenson, Tex.Civ. App., 300 S.W.2d 157. No valid attempt to reach the County Court having been instituted in the detainer proceeding, no active jurisdiction was conferred upon that court.

The County Court also has jurisdiction, independently of its appellate authority, in original actions involving an amount in excess of $200 and not more than $1,000. This applies to original actions for mandamus. City of Lubbock v. Green, Tex.Civ.App., 312 S.W.2d 279; Lowe and Archer, Injunctions and other Extraordinary Proceedings, Sec. 476, p. 457; 12 Tex.Law Review 457-469.

Does the present suit praying for mandamus, viewed as an original proceeding, involve an amount in excess of $200 and not more than $1,000? The only amount ascertainable in value is the $199 for damages in the nature of rental allowed by the justice in his entry of judgment. This sum is below the original jurisdiction of the County Court. The application does not attempt to make any allegation as to the amount in controversy and therefore no jurisdiction was conferred upon the County Court. Ex parte Bryant,

155 Tex. 219, 285 S.W.2d 719; Repka v. American Nat'l Ins. Co., 143 Tex. 542, 186 S.W.2d 977. But assuming proper allegations of amount in controversy were alleged, the County Court has no general supervisory control over the justice court as here sought. McIntosh v. Watts, Tex. Civ.App., 5 S.W.2d 1003; Hardin v. Hamilton, Tex.Civ.App., 204 S.W. 679; 28 Tex. Jur. 568, 573.

Consequently, the judgment of the lower court is set aside and this suit is dismissed.