**MERIDIEN HOTELS, INC. and MHI Leasco Dallas, Inc., Appellants,**

v.

**LHO FINANCING PARTNERSHIP I, L.P., Appellee.**

**In re MHI Leasco Dallas, Inc. and Meridien Hotels, Inc., Relators.**

No. 05–02–01066–CV.

Court of Appeals of Texas, Dallas.

Jan. 13, 2003.

David Keltner, Fort Worth, for Appellant.

Ben L. Krage, Krage & Janvey, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion By Justice JAMES.

Meridien Hotels, Inc. and MHI Leasco Dallas, Inc. (Meridien) appeal the July 2, 2002 writ of mandamus issued by the county court at law ordering the justice court to vacate its order of abatement, to begin trial by July 29, 2002, and to render a decision thereafter within a reasonable time. Meridien also filed a petition for writ of mandamus in this Court seeking the same relief as in the appeal. We consolidated the appeal and original proceeding. Meridien argues the county court at law lacked jurisdiction to issue the writ of mandamus to the justice court and that the county court at law abused its discretion by issuing the writ of mandamus. We conclude the county court at law had jurisdiction to issue the writ of mandamus, and we also conclude the county court at law did not abuse its discretion in issuing the writ of mandamus. Accordingly, we affirm the county court at law's order of mandamus, and we deny the petition for writ of mandamus filed in this Court.

## BACKGROUND

The issues in this case concern a lease between Meridien and LHO Financing Partnership I, L.P. (LaSalle). Meridien operates a hotel in Dallas on property leased from LaSalle. Section 22.22 of the lease provides that if Meridien has a change in control, LaSalle has the right to purchase Meridien's interest in the Dallas hotel at its fair market value. Meridien had a change of control, and on June 1, 2001, it gave LaSalle written notice as required by section 22.22(a).[1] The parties agreed to extend the time for LaSalle to purchase the Dallas hotel to February 28, 2002. On January 14, 2002, LaSalle sent Meridien notice of its intent to purchase the hotel for its fair market value. On January 15, 2002, LaSalle sent Meridien a letter demanding the immediate transition of the hotel to LaSalle. On January 16, 2002, Meridien filed suit in state district court seeking declaratory judgment concerning the interpretation of section 22.22 of the lease. On January 17, 2002, LaSalle declared Meridien in default under the lease. On February 4, 2002, LaSalle filed a counterclaim in district court seeking injunctive relief and a declaratory judgment that Meridien was in default under the lease. Meridien filed a counterclaim for injunctive relief. On February 22, 2002, the district court denied both parties' motions for injunctive relief. On April 9, 2002, LaSalle sent Meridien a notice to vacate the leased premises within three days. On May 10, 2002, the district court signed an order granting LaSalle's motion for partial summary judgment and declaring:

(1) Section 22.22 of the Lease is enforceable, and a closing on the Purchase pursuant to Section 22.22 may occur prior to the determination of Fair Market Value.

(2) Plaintiffs' refusal to close on the Purchase on the date specified in Owner's purchase notice and to surrender possession of the Le Meridien Hotel premises located at 600 N. Pearl Street, Dallas, Dallas County, Texas (the "Hotel") constitute an Event of Default under Section 12.1(m) of the Lease.

(3) As a result of Plaintiffs' Event of Default under the Lease, Owner has the right and lawfully has exercised the right to terminate the Lease pursuant to Section 12.11(b), which termination became effective as of February 17, 2002.

(4) Plaintiffs no longer have a lawful right of possession to the Hotel.

On May 14, 2002, LaSalle filed a suit for forcible entry and detainer in the justice court alleging the lease terminated on February 17, 2002 and Meridien failed to vacate the premises as required by the terms of the lease, and the district court's May 10 order determined Meridien no longer had a lawful right of possession of the premises. The justice court set the forcible entry and detainer action for trial on May 28, 2002. On Meridien's motion, the justice court continued the trial until June 12, 2002. On June 11, 2002, Meridien filed numerous motions, and the justice court continued the trial until July 1, 2002.

■ On June 17, 2002, LaSalle filed a petition for writ of mandamus in Dallas County Court at Law No. 2 requesting that the county court at law order the justice court to proceed to trial on the forcible entry and detainer action.[2] Be-

---

**1.** LaSalle alleged in pleadings in the district court action that although the notice "failed to comply with many aspects of the notice provision in the Lease, Owner accepted the letter as constituting proper notice under Section 22.22."

**2.** The record is clear that LaSalle sought a writ of mandamus, not an appeal, in the

cause the justice court action was set for trial on July 1, 2002, the county court at law delayed its ruling until July 2 to allow the justice court to proceed to trial as scheduled. On July 1, 2002, the justice court abated the forcible entry and detainer action until the district court's May 10 order became part of a final judgment.[3] On July 2, 2002, the county court at law issued a writ of mandamus ordering the justice court to set aside its order of abatement and proceed to trial on the forcible entry and detainer action by July 15, 2002. On July 11, 2002, the county court at law extended the time for the justice court to begin trial of the forcible entry and detainer action to July 29, 2002 to permit Meridien to seek review in this Court.

Meridien filed a notice of appeal of the county court at law's decision and a petition for writ of mandamus in this Court requesting we order the county court at law to withdraw its July 2, 2002 order requiring the justice court to set aside its order abating the forcible entry and detainer action. We consolidated the appeal and original proceeding and consider them together. On July 15, 2002, we issued an order staying the county court at law's order until further order of this Court.

## JURISDICTION

■ Meridien asserts the county court at law lacked jurisdiction to issue the writ of mandamus ordering the justice court to proceed to trial on the forcible entry and detainer cause of action. Under the Texas Constitution, "The County Court has jurisdiction as provided by law.... County court judges shall have the power to issue writs necessary to enforce their jurisdiction." TEX. CONST. art. V, § 16. The government code more specifically sets out the powers and duties of statutory county courts, including the power to issue writs: "A statutory county court or its judge may issue writs of injunction, mandamus, sequestration, attachment, garnishment, certiorari, supersedeas, and all writs necessary for the enforcement of the jurisdiction of the court." TEX. GOV'T CODE ANN. § 25.0004(a) (Vernon Supp.2003).

Meridien argues these constitutional and statutory provisions restrict the county court at law's jurisdiction to issue writs to situations where its jurisdiction is "active" by the filing of an appeal from a justice court or by the filing of an original petition; Meridien argues the county court at law has no jurisdiction to issue writs to enforce its "active jurisdiction" until one of these has occurred. Meridien relies on

county court at law. However, the county court at law's order granting the writ of mandamus states, "The Justice Court has entered an appealable order of abatement...." This statement is clearly erroneous because the abatement order was interlocutory. Further, if the order were appealable, the county court at law could not have issued the writ of mandamus because LaSalle would have had an adequate remedy on appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). This error in the county court at law's order, however, did not cause the rendition of an improper judgment and is harmless. TEX.R.APP. P. 44.1(a).

**3.** According to the supplemental affidavit of Ben L. Krage, at the end of the July 1, 2002

hearing, the justice court announced the following ruling:

> The Court is of the opinion that it cannot enter judgment or an order different from the District Court's and will not. Both sides acknowledge that the order is not final and that a motion has been filed by defendants to sever. With that motion pending, and the issue of possession not resolved, I will withhold ruling until I see the final judgment of Judge Akin [the district court judge] on possession. I am of the opinion that I should not depossess anyone and therefore will hold this proceeding in abeyance pending final judgment from the District Court.

*Pounds v. Callahan,* 337 S.W.2d 148 (Tex. Civ.App.-Beaumont 1960, no writ), in support of this argument. In *Pounds,* the justice court entered a default judgment in a forcible entry and detainer action. More than three months later, the defendant sought, and was denied, a writ of mandamus from the county court setting aside the justice court's judgment for lack of notice to the defendant. The defendant appealed to the court of appeals, which discussed the two grounds of the county court's jurisdiction to issue writs of mandamus. The first ground concerned the county court's jurisdiction to issue writs of mandamus to enforce its appellate jurisdiction. The court of appeals held the county court had no jurisdiction to issue the writ of mandamus to enforce its appellate jurisdiction because it lacked "active jurisdiction" over the case. *Id.* at 150. The court of appeals then discussed the county court's "jurisdiction, independent[ ] of its appellate authority, in original actions involving an amount in excess of $200 and not more than $1,000. This applies to original actions for mandamus." *Id.* The court of appeals held the defendant had not invoked that ground of the county court's jurisdiction because its petition for writ of mandamus in the county court did not plead an amount in controversy within the statutory limits. *Id.*; see also *Martin v. Victoria Indep. Sch. Dist.,* 972 S.W.2d 815, 818–19 (Tex.App.-Corpus Christi 1998, pet. denied) (county court at law lacked jurisdiction to grant mandamus relief when petition for writ of mandamus did not allege an amount in controversy invoking the county court's jurisdiction).

◼ Meridien misreads both the constitutional and statutory authorities and *Pounds* in concluding the county court's jurisdiction to issue writs of mandamus is limited to writs necessary to enforce the county court's jurisdiction. The constitu-

tion specifically provides the authority for county courts to issue writs of mandamus to enforce their jurisdiction, but the constitution does not limit county courts' jurisdiction to issue writs to enforcement of their jurisdiction. The constitution clothes the county courts with "jurisdiction as provided by law." TEX. CONST. art. V, § 16. The "law," section 25.0004(a) of the government code, provides: "A statutory county court or its judge may issue [1] writs of injunction, mandamus, sequestration, attachment, garnishment, certiorari, supersedeas, and [2] all writs necessary for the enforcement of the jurisdiction of the court." TEX. GOV'T CODE ANN. § 25.0004(a) (Vernon Supp.2003) (bracketed material added). This provision provides two grants of authority to issue writs: (1) the specifically named writs when the petition for the writ pleads an amount in controversy within the county court's limited jurisdiction; and (2) all writs necessary to the enforcement of the county court's jurisdiction, regardless of the amount in controversy. This analysis is consistent with the pronouncement of the supreme court that, "[U]nder the present Constitution county courts have authority to issue writs of mandamus and injunction in matters within their jurisdiction, and such power is not limited to instances 'only when necessary to enforce their jurisdiction.'" *Repka v. Am. Nat'l Ins. Co.,* 143 Tex. 542, 548, 186 S.W.2d 977, 980 (1945); *see also City of Beaumont v. West,* 484 S.W.2d 789, 792 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.) (citing *Repka*); 1 McDONALD TEXAS CIVIL PRACTICE § 3.8 (1992) ("The grant of authority to the courts to issue such writs as are necessary to enforce their jurisdiction is a separate power, and does not restrict the power to issue the named writs."). Meridien misreads section 25.0004(a) to limit the court's jurisdiction to issue writs only to those necessary to enforce its jurisdiction.

Unlike the county courts in *Pounds* and *Martin,* Dallas County's county courts at law have an expanded amount-in-controversy jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0592(a) (Vernon Supp.2003) ("[A] county court at law in Dallas County has concurrent jurisdiction with the district court in civil cases regardless of the amount in controversy."). Accordingly, we conclude Dallas County's County Court at Law No. 2 had jurisdiction in this case to issue the writ of mandamus against the justice court under section 25.0004(a)'s grant of authority to issue writs of mandamus. Meridien's arguments to the contrary lack merit.

## MANDAMUS

■■■ Meridien asserts the county court at law erred by issuing the writ of mandamus. Meridien first argues the justice court's decision was not arbitrary or unreasonable and that LaSalle did not demonstrate the justice court had a clear legal duty to proceed to trial. In *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992) (orig.proceeding), the supreme court explained that a writ of mandamus will issue when there has been an abuse of discretion and the petitioner does not have an adequate remedy by law. *Id.* at 839. When the trial court's decision depends upon the resolution of factual issues, no abuse of discretion occurs unless the trial court's decision is arbitrary and unreasonable. *Id.* at 840. When the trial court's decision depends upon the resolution of a legal issue, "a trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* The justice court's decision to abate LaSalle's forcible entry and detainer action was a legal issue. Accordingly, if the justice court wrongly decided this issue, then the county court at law did not err in determining the justice court abused its discretion by abating the action indefinitely, that is, until the district

court's order regarding Meridien's right to possession of the hotel premises became final.

■■■ Forcible entry and detainer actions are intended to provide a speedy, summary, and inexpensive determination of the right to the immediate possession of real property. *Rice v. Pinney,* 51 S.W.3d 705, 710 (Tex.App.-Dallas 2001, no pet.) (quoting *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936)). A forcible entry and detainer action in justice court may ·run concurrently with an action in district court. *Holcombe v. Lorino,* 124 Tex. 446, 452, 79 S.W.2d 307, 309 (1935); *Rice,* 51 S.W.3d at 709; *Hartzog v. Seeger Coal Co.,* 163 S.W. 1055, 1060 (Tex.Civ. App.-Dallas 1914, no writ). The rules of civil procedure governing forcible entry and detainer suits adhere to the purpose of providing a speedy resolution of the issue of possession. Rule 739 requires a defendant to appear before the justice between six and ten days after citation. TEX.R. CIV. P. 739; *cf.* TEX.R. CIV. P. 99 (providing defendant at least twenty days to file answer in standard litigation). If the plaintiff files a possession bond, the defendant may demand the trial begin six days after service of the possession bond. TEX.R. CIV. P. 740. The rules do not specify when the justice court must set the case for trial, but once set, "[f]or good cause shown, supported by affidavit of either party, the trial may be postponed not exceeding six days." TEX.R. CIV. P. 745. If no jury is demanded, then "the justice shall try the case"; if a jury is demanded, the jury hears the evidence and "shall return" a verdict for the plaintiff or the defendant as it shall find. TEX.R. CIV. P. 747.

■■■ Meridien cites *Brown v. Bank of Galveston, National Ass'n,* 963 S.W.2d 511 (Tex.1998), in support of its argument that a justice court's indefinite abatement of a

forcible entry and detainer action is not an abuse of discretion. In that case, the bank foreclosed on Brown's house and filed in justice court a forcible entry and detainer action. *Id.* at 513. Brown sued the bank in district court for several causes of action, including wrongful foreclosure. *Id.* In an opinion reviewing the judgment from the district court, the supreme court observed that the forcible entry and detainer proceeding in justice court had been abated during the ten years of this litigation. *Id.* The opinion does not explain the reason for the justice court's abatement of the forcible entry and detainer action, nor does it approve or disapprove the abatement. The justice court's action was not before the supreme court for review. However, it appears the justice court may have concluded the issue of possession was inextricably bound by the issue of Brown's and the bank's title to the house. Justice courts have no jurisdiction to determine title, and if the issue of possession necessarily requires the determination of a title dispute, then the justice court lacks jurisdiction to decide the forcible entry and detainer until the title issue has been resolved. TEX.R. CIV. P. 746; *Rice,* 51 S.W.3d at 713; *Falcon v. Ensignia,* 976 S.W.2d 336, 338 (Tex.App.-Corpus Christi 1998, no pet.). Unlike the situation in *Brown,* the forcible entry and detainer action in this case does not appear to involve any issues of title to the property. Accordingly, the action in the district court did not deprive the justice court of jurisdiction over the forcible entry and detainer action necessitating abatement of that action.

■ In this case, LaSalle sought speedy resolution of the parties' dispute concerning Meridien's right to possession of the premises. Although the district court suit involved a host of related issues, LaSalle could prosecute its forcible entry and detainer suit in the justice court concurrently with the district court action. *Holcombe,* 124 Tex. at 452, 79 S.W.2d at 309; *Rice,* 51 S.W.3d at 709. The district court's interlocutory determination of the possession issue did not deprive the justice court of concurrent jurisdiction to determine that issue. However, instead of providing LaSalle with the expeditious remedy of determining the right to immediate possession of the premises, the justice court abdicated its responsibility for determining the right to actual possession of the property, preferring to await indefinitely for the finalization of the district court's determination of that issue. The justice court's decision to postpone the trial indefinitely also violates rule 745's limitation of six days for postponement of a trial. No rule of law supports the justice court's action. We conclude the justice court's decision to abate the case until finalization of the district court's decision instead of exercising its jurisdiction concurrently with the district court and determining the right of immediate possession of the premises was an abuse of discretion. *See Baluch v. Miller,* 774 S.W.2d 299, 302 (Tex. App.-Dallas 1989, orig. proceeding) (trial court abuses its discretion by refusing to proceed to trial absent specific authority permitting the stay of proceedings). Accordingly, the county court at law correctly determined the justice court had abused its discretion.[4]

---

**4.** In the order granting the writ of mandamus, the county court at law stated, "This Court has determined, however, that it is not within the discretion of the Justice Court to abate the referenced case. It is, therefore, an abuse of discretion, understandable though it

may be, for the Justice Court to attempt such an abatement under the facts of this case." Meridien argues that if the justice court's decision was "understandable," then it cannot be an abuse of discretion. We disagree. A trial court has no discretion to incorrectly

We next consider whether La-Salle had an adequate remedy at law. Meridien argues it moved in the district court for a severance of the possession determination but that LaSalle opposed the severance. Meridien argues that if LaSalle were to agree to the severance, then the trial court's judgment would be final and the abatement would cease.[5] We disagree. Whether to grant or deny a motion to sever a cause of action is a decision within the discretion of the trial court. *Arredondo v. City of Dallas*, 79 S.W.3d 657, 665 (Tex.App.-Dallas 2002, pet. denied). LaSalle's agreeing to the severance would not necessarily result in the district court's granting of the severance and the justice court reinstating the forcible entry and detainer action. La-Salle cannot appeal the interlocutory abatement order, leaving it with no adequate remedy at law to correct the justice court's abuse of discretion. *See Gebhardt v. Gallardo*, 891 S.W.2d 327, 329 (Tex. App.-San Antonio 1995, orig. proceeding). We conclude the county court at law did not err in determining LaSalle had no adequate remedy other than mandamus.

We hold the county court at law did not abuse its discretion in issuing the writ of mandamus ordering the justice court to set aside its order abating the cause of action and to proceed to trial on LaSalle's forcible entry and detainer cause of action. Accordingly, we resolve Meridien's issue against it.

We affirm the county court at law's issuance of the writ of mandamus, and we deny Meridien's petition for writ of mandamus.

---

determine or apply the law, regardless of whether the error was "understandable." *Walker*, 827 S.W.2d at 840. The justice court's error was "a clear failure by the trial court to analyze or apply the law correctly ... [and] constitute[s] an abuse of discretion." *Id.* Meridien's argument lacks merit.

5. LaSalle argues a final judgment for appellate purposes in the district court would not result in the lifting of the abatement in the justice court because Meridien has stated it intends to appeal the district court's ruling. LaSalle's argument appears to conflict with the supreme court's holding that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'" *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982)).