

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE:  RUBEN LUJAN, In His Capacity as Justice of the Peace, Precinct 6-1. | §<br><br>§<br><br>§<br><br>§<br><br>§ | No. 08-15-00286-CV<br><br>Appeal from the<br><br>County Court at Law Number 3<br><br>of El Paso County, Texas<br><br>(TC# 2015DCV1763) |

# **O P I N I O N**

This is an appeal from an order granting mandamus relief.  Appellant, and Respondent in the underlying mandamus petition, is Ruben Lujan in his capacity as Justice of the Peace Precinct 6.  Appellee is Vicente P. Villanueva, the relator in the mandamus petition.  For the reasons below, we reverse the county court's order and render judgment denying Villanueva's petition for writ of mandamus.

## *BACKGROUND*

On March 30, 2008, Villanueva was cited for "Possession of Drug Paraphernalia."  Villanueva signed the citation, promising to "appear at the time and place designated in [the] notice[:]" at the Justice of the Peace Precinct 6 (the "Justice Court") before Judge Lujan on or before April 20, 2008.  Villanueva failed to appear.

Approximately two years later, Villanueva received a document from a law firm titled

"Statement and Plea Form" informing Villanueva that "IF YOU WISH TO ENTER A PLEA IN THIS CASE, PLEASE FILL OUT THE INFORMATION BELOW AND RETURN WITH YOUR PAYMENT" for case number 608-05326, amount due $366.70, for the offense date of March 30, 2008. Villanueva checked the option: "I hereby enter a plea of NOLO CONTENDERE (No Contest) and waive appearance for trial by Judge or jury. Payment of $336.70 is enclosed." He signed, dated the form August 26, 2010, and attached a money order with the requested amount.

A paper copy of the electronic screen from the Justice Court's case management system, dated August 30, 2010, contained the following information: Villanueva's full name, address, driver's license number, and date of birth; the case's identification number, relevant court, offense: possession of drug paraphernalia HSC 481.125, issuing officer's name and badge number, and docket number 608-05326; and, the entered plea ("Nolo"), the judgment (Guilty), the disposition ("FINE (Paid Fine))," the amount paid and receipt number. A written judgment signed by Judge Lujan was not created nor signed.

Approximately four years after the fine was paid, Villanueva, through counsel, sent a letter dated November 17, 2014, to Judge Lujan explaining, case number 608-05326, possession of drug paraphernalia, had been reported as "guilty" and Villanueva was "pursuing gainful employment but [was] having a lot of problems due to the reported conviction[.]" The letter further stated that in reviewing the records, counsel found there was no final judgment entered and was "hoping that [Judge Lujan would] be willing to reset this matter for trial." Counsel requested notification when the court set the case for trial. In a response letter also dated November 17, 2014, Judge Lujan explained as the result of Villanueva pleading nolo contendere and submitting payment in full in the amount of $336.70 on August 26, 2010 (received August 30, 2010), a disposition of "GUILTY" was entered, which also served as the "final judgment."

2

Villanueva then filed a "Motion for Speedy Trial and Notice of Withdrawal of Any Previous Plea" on January 9, 2015 asserting the justice of the peace court had jurisdiction, and neither the defendant nor counsel had contributed to the delay between the date of the citation and the present motion. Villanueva attempted to withdraw all previous pleas, requested the court set the matter for trial immediately because a final judgment had not yet been entered, or, that in the alternative, the court dismiss the citation. In a written order dated January 12, 2015, Judge Lujan denied Villanueva's motion, because "the Court finds that a final conviction was entered in this cause more than 30 days[1] prior to the filing of Defendant's motion. Accordingly, the Court lack[ed] jurisdiction [.]"

On May 29, 2015, Villanueva filed an "Application for Writ of Mandamus" in the County Court at Law Number 3 in El Paso County, Texas (the "County Court"). The application requested the County Court order Judge Lujan to enter a final written judgment, arguing Judge Lujan had a ministerial duty to enter judgment. In his answer, Judge Lujan requested the application for mandamus be dismissed, arguing the Justice of the Peace Court Precinct 6 lacked jurisdiction due to Villanueva's plea and payment of the fine and, therefore, the County Court also lacked jurisdiction. With his answer, Judge Lujan attached Villanueva's plea form and money order, a paper copy of the electronic screen, Villanueva's motion, and Judge Lujan's denial.

The County Court held a hearing on the mandamus application on July 8, 2015. In a written order, the County Court denied Judge Lujan's plea to jurisdiction. Villanueva then filed an

---

[1] It is unclear why Judge Lujan used thirty days as the metric to determine if he lacked jurisdiction. As explained *infra*, a party appealing a judgment from a justice court has ten days from the date of judgment or order overruling a motion for a new trial, which may be done ten days from the date of judgment, to file an appeal, i.e. a maximum of twenty days. TEX.CODE CRIM.PROC.ANN. art. 45.0426(a); *see Ramirez v. Archie*, No. 08-02-00265-CV, 2004 WL 1284013, at *2 (Tex.App.—El Paso June 10, 2004, no pet.)(mem.op). Alternatively, if a defendant follows the prescribed procedure in Article 27.14 (b), an appeal bond shall be posted no later than the 31st day after receiving notice from the justice court. TEX.CODE CRIM.PROC.ANN. art. 27.14(b).

amended mandamus application and requested the County Court set the case for trial or require Judge Lujan to enter judgment. Judge Lujan filed an amended answer in which he requested the mandamus petition be dismissed arguing Texas law does not require a written judgment in justice courts, reiterating his mootness argument, and, for the first time, asserting a defense based on the doctrine of laches. In Villanueva's reply, he reiterated his argument Judge Lujan had failed to enter a final written judgment, the necessity for a written and signed judgment, and maintained the County Court possessed jurisdiction.

At the first hearing, both Villanueva and Judge Lujan presented their arguments for and against the grant of the mandamus petition to the County Court. Relevant to this appeal, Villanueva acknowledged the paper copy of the electronic screen was a "record" entered by the Justice Court although it lacked Judge Lujan's signature. In addition, Villanueva expressed concern over the timing of the events, namely, he struggled to believe it possible the law firm collecting on the Justice Court's behalf could collect a fine that had not been assessed since, upon a review of the electronic screen paper copy, it indicated the fine was not assessed until after the plea form was sent. In sum, Villanueva explained that under normal circumstances, there is a citation, a plea, then, the fine is assessed, and last, payment; in the present case, the order was citation, an assessed fine, a plea, and then payment.

Judge Lujan initially stated the electronic screen paper copy was a judgment, however he quickly re-labeled it as merely being part of the criminal docket, but nonetheless argued that it accurately reflected the judgment itself. Judge Lujan conceded the electronic screen record, solely, was not a traditional judgment that would be issued in county courts, however, the documents taken as a whole, were adequate for a judgment in fine-only misdemeanor cases. Further, Judge Lujan maintained the electronic screen paper copy satisfied the requirements for a judgment,

4

because there is no statutory requirement that misdemeanor fine-only judgments be signed.

The County Court held a second hearing on July 27, 2015 and granted Villanueva's mandamus petition. The County Court found Judge Lujan failed to set the case for trial or enter a judgment; he ordered Judge Lujan to enter a judgment in the case within thirty days or set the cause for trial and writ would issue if he failed to do so. The County Court found it had jurisdiction over the parties and subject matter, Judge Lujan had a ministerial duty to enter judgment, Judge Lujan had failed or refused Villanueva's request to perform this duty, and Villanueva had no adequate remedy at law.

Judge Lujan filed a motion for new trial, a request for findings of fact and conclusions of law, and notice of intent to appeal. The County Court made findings of fact and conclusions of law. The findings of fact include the following:

> 5. A screen print from El Paso County's electronic case management system reflects that Vincent Villanueva was adjudged guilty on a 'nolo' plea to 'Possession of Drug Paraphernalia' in docket number '608-05326,' and that a total of '336.70' for fine and court costs was paid on '8/30/10.' No document exists in the record of the case that purports to be the judgment.

> 6. Vincent Villanueva was not notified by El Paso County Justice Court Precinct 6, following his plea of *nolo contendere* and waiver of appearance, that a judgment of conviction and forfeiture had been entered in case number 608-05326, wherein he is charged with Possession of Drug Paraphernalia, and that he had a right to a new trial if applied for not later than the tenth day after the judgment, as required by Texas Code of Criminal Procedure article 45.044.

> 7. Vincent Villanueva was not notified by El Paso County Justice Court Precinct 6, following his plea of *nolo contendere* and waiver of appearance, of the amount of any fine assessed, or of the amount of an appeal bond that the court would approve, in case number 608-05326, wherein he is charged with Possession of Drug Paraphernalia, as required by Texas Code of Criminal Procedure article 27.14(b).

The pertinent Conclusions of Law are:

> 6. No document exists in the record of case number 608-05326 before El Paso County Justice Court Precinct 6, wherein Vincent Villanueva is charged with

Possession of Drug Paraphernalia, that meets the legal requirements under Texas law of a judgment in a criminal case.

7. No judgment was rendered or entered, either orally or in writing, by Ruben Lujan, acting in his capacity as Justice of the Peace Precinct 6, in case number 608-05326, wherein Vincent Villanueva is charged with Possession of Drug Paraphernalia.

8. Because no judgment has been rendered or entered, either orally or in writing, in case number 608-05326 before El Paso Justice Court Precinct 6, in which Vincent Villanueva is charged with Possession of Drug Paraphernalia, El Paso Justice Court Precinct 6 retains plenary jurisdiction of the case.

9. Ruben Lujan, in his capacity as El Paso Justice of the Peace Precinct 6, has a ministerial duty to proceed to judgment in case number 608-05326, in which Vincent Villanueva is charged with Possession of Drug Paraphernalia, either by setting the case for trial or by entering judgment on the pleadings before the court, as demanded by Vincent Villanueva.

*ISSUES*

Judge Lujan raises three main issues on appeal. In his first issue, Judge Lujan argues the County Court lacked jurisdiction to issue a mandamus since the Justice Court lacked jurisdiction because the case was not justiciable and moot after Villanueva satisfied the fine and pleaded nolo contendere. Second, Judge Lujan maintains the doctrine of laches bars Villanueva. Last, Judge Lujan asserts a justice of the peace does not have a ministerial duty to issue a paper judgment in fine-only misdemeanor cases.

In response, Villanueva argues the present case is justiciable and not moot. Villanueva further posits the doctrine of laches is inapplicable due to Judge Lujan's delay in asserting this defense. Last, Villanueva argues Judge Lujan's failure to fulfill his ministerial duty and render, either in writing or orally, a signed but not necessarily a written judgment. In addition, Villanueva maintains Judge Lujan did not notify him of the judgment pursuant to Article 27.14(c) and Article 45.044(b) of the Texas Code of Criminal Procedure. As the result of Judge Lujan's failure,

6

according to Villanueva, to render a lawful judgment, the El Paso County Justice Court, Precinct 6, retains jurisdiction.

## Standard of Review

As a preliminary matter, we first turn to the procedural posture of the case: this is an appeal from a mandamus action initiated in County Court at Law 3 of El Paso County, Texas. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 (Tex. 1991). As such, "[w]e do not review the trial court's findings of fact and conclusions of law under the abuse of discretion standard[;]" rather, we review them in accordance with the standards generally applicable to trial court factual findings and conclusions of law: "we review findings of fact for legal and factual evidentiary support . . . and we review conclusions of law de novo." [Internal citations and quotations omitted]. *Harris v. Jones*, 8 S.W.3d 383, 385 (Tex.App.—El Paso 1999, no pet.).

Chapter 45 of the Texas Code of Criminal Procedure (the "Code") sets forth the procedures justice and municipal courts must follow. *See* TEX.CODE CRIM.PROC.ANN. art. 45.001-45.203. We also review *de novo* the interpretation the Code of Criminal Procedure to questions of law. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004)(providing that an appellate court should conduct de novo review on the resolution of question of law when the trial court's decision does not involve evaluation of credibility and demeanor of a witness).

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007)(orig.proceeding). To be entitled to relief by mandamus, the relator must meet two basic requirements: (1) that he has no adequate remedy at law; and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013); *see In re State of Texas*, 162 S.W.3d 672, 675 (Tex.App.—El Paso 2005, orig. proceeding). The ministerial act requirement is satisfied if the relator can show a clear right

to the relief sought. *Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*, *quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011). As it pertains to the failure or refusal of a trial court to hear and rule upon a pending motion, to establish an abuse of discretion, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979). An issue of first impression can qualify for mandamus relief. *Weeks*, 391 S.W.3d at 122.

## DISCUSSION

The threshold question in this case is whether a final appealable judgment has been rendered by Justice Lujan. The answer to that issue drives the determination of whether mandamus relief is available to Villanueva.

*Judgment*

CHAPTER 45: JUSTICE AND MUNICIPAL COURTS

The Texas Code of Criminal Procedure article 45.001 states:

The purpose of this chapter is to establish procedures for processing cases that come within the criminal jurisdiction of the justice courts and municipal courts. This chapter is intended and shall be construed to achieve the following objectives:

(1)     to provide fair notice to a person appearing in a criminal proceeding before a justice or municipal court and a meaningful opportunity for that person to be heard;

(2)     to ensure appropriate dignity in court procedure without undue formalism;

(3)     to promote adherence to rules with sufficient flexibility to serve the ends of justice; and

(4)     to process cases without unnecessary expense or delay.

8

TEX.CODE CRIM.PROC.ANN. art. 45.001.

Article 45.002 provides "[c]riminal proceedings in the justice and municipal courts shall be conducted in accordance with this chapter, including any other rules of procedure specifically made applicable to those proceedings by this chapter." TEX.CODE CRIM.PROC.ANN. art. 45.002.

Relevant to judgments, Article 45.041(a), titled "Judgment" states: "**The judgment** and sentence, in a case of conviction in a criminal action before a justice of the peace . . . **shall be that the defendant pay the amount of the fine and costs to the state.**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.041(a). Article 45.041(d) states: "All judgments, sentences, and final orders of the justice or judge shall be rendered in open court." *Id.*

Article 45.012 entitled "Electronically Created Records," Subsection (b)(1) provides, "**[t]he court may use electronic means to: produce a document required by law to be written[.]**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.012(b)(1). Subsection (d) states "**[a]n electronically recorded judgment has the same force and effect as a written signed judgment.**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.012(d). Subsection (e), "**[a] record created by electronic means is an original record or a certification of the original record.**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.012(e). Last, Subsection (h) directs "[a] statutory requirement that a document contain the signature of any person, including a judge, clerk of the court, or defendant, is satisfied if the document contains that signature as captured on an electronic device." TEX.CODE CRIM.PROC.ANN. art. 45.012(h).

Article 45.017, entitled **"Criminal Docket,"** Subsection (a)(7) *provides the justice of the peace shall keep a docket containing, inter alia,* **"the judgment and sentence of the court, and the date each was given**[.]" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.017(a)(7).

Subsection (b) of Article 45.017 states **"[t]he information in the docket may be processed and stored by the use of electronic data processing equipment, at the discretion of the justice of the peace**[.]" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.017(b).

Relevant to a defendant's appeal, Article 45.0426(a) provides "[w]hen the appeal bond has been filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered, the appeal in such case shall be held to be perfected." TEX.CODE CRIM.PROC.ANN. art. 45.0426(a). Section (b) of Article 45.0426 states "[i]f an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence." TEX.CODE CRIM.PROC.ANN. art. 45.0426(b).

## CHAPTER 27: THE PLEADINGS IN CRIMINAL ACTIONS

Article 27.14 of the Texas Code of Criminal Procedure is relied on by both Judge Lujan and Villanueva to support their respective arguments.

> (a) A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.
>
> .        .        .
>
> (c) In a misdemeanor case for which the maximum possible punishment is by fine only, **payment of a fine or an amount accepted by the court constitutes a finding of guilty in open court as though a plea of nolo contendere had been entered by the defendant and constitutes a waiver of a jury trial in writing.** [Emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 27.14(a), (c).

## CHAPTER 42: JUDGMENT AND SENTENCE

The Texas Code of Criminal Procedure Article 42.01, section 1 provides: "A judgment is

the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment." TEX.CODE CRIM.PROC.ANN. art. 42.01(1). Section 3 states "[t]he provisions of this article shall apply to both felony and misdemeanor cases" TEX.CODE CRIM.PROC.ANN. art. 42.01(3).

*Analysis*

The Texas Court of Criminal Appeals has found Chapter 45 of the Code, titled *Justice and Municipal Courts*, "contains a comprehensive compilation of provisions concerning proceedings in [justice] courts, ranging from initiation of the complaint through the judgment and sentence. Proceedings in [justice] court differ in many respects from proceedings in district and other courts." *Huynh v. State*, 901 S.W.2d 480, 482 (Tex.Crim.App. 1995). The court in *Huynh* faced two issues that illuminate the formalities needed for a judgment in a Justice of the Peace Court.

First, the Court of Criminal Appeals in *Huynh* granted review to determine if an article outside Chapter 45 of the Texas Code of Criminal Procedure applied to a municipal court. *Id*. at 480. Specifically, the Court addressed whether Article 1.14[2], which mandated the timeliness of certain waivers, intersected with the Court's opinion in *Studer* regarding the applicability of Article 1.13 to "complaints filed in municipal court." *Huynh*, 901 S.W.2d at 480, *citing Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App. 1990). *Studer* involved the adequacy of an information interpreted under Article 1.14(b). *Studer,* 799 S.W.2d at 271. The Houston Fourteenth Court of Appeals held under Article 1.14 and *Studer*, it need not address contentions regarding alleged

---

[2] The article provides, in relevant part, "[i]f the defendant does not object to a defect . . . in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect . . . and he may not raise the objection on appeal or in any other postconviction proceeding." TEX.CODE CRIM.PROC.ANN. art. 1.14(b).

defects in the complaint because appellant failed to timely raise the defects. *Huynh v. City of Houston*, 874 S.W.2d 184, 185 (Tex.App.—Houston [14th Dist.] 1994), *aff'd in part, remanded in part sub nom., Huynh v. State*, 901 S.W.2d 480 (Tex.Crim.App. 1995). The Fourteenth Court reasoned "indictments, informations, and complaints, however, are all charging instruments through which criminal proceedings are formally initiated in the courts" and they found no reason to treat them differently. *Id*. at 185. However, the Court of Criminal Appeals was unpersuaded.

The *Huynh* Court held the Article 1.14 standard should not be applied to complaints arising from municipal courts because the Texas Code of Criminal Procedure's organization distinguishes other courts from municipal and justice courts. *Huynh*, 901 S.W.2d at 481. The Court explained indictments, informations, and complaints served very similar purposes, and indeed were referenced together numerously elsewhere in the Code, but the specific provision at issue did not mention the three together and, therefore, a standard applicable outside Chapter 45 was not applicable to courts under Chapter 45. *Id*.

Second, the Court in *Huynh* determined whether a statute outside Chapter 45 applied to an offense in which the municipal court possessed original jurisdiction. *Id*. Specifically, the Court granted review to decide whether Article 1.13(a) of the Code, which requires written waivers of trial by jury, can be applied to misdemeanors punishable by fine only. *Huynh*, 901 S.W.2d at 480. The defendant in *Huynh* complained the trial court erred by proceeding to a jury trial when he had not executed a written jury waiver in accordance with Article 1.13. *Id*. at 482. The Fourteenth Court of Appeals rejected the claim, holding Article 1.13 does not apply to municipal courts, finding Article 45.25 which specifically addresses jury waivers in municipal and justice courts did not require written jury waivers. *Huynh*, 874 S.W.2d at 185. The Court of Criminal Appeals agreed.

12

In reviewing the requirements of Article 45.025's predecessor statute,[3] the Court of Criminal Appeals pointed out the statute did not contain any language mentioning *writing* and "does not require that the waiver be in writing." *Huynh*, 901 S.W.2d at 482. The Court reasoned "[w]hile various provisions of the Code outside of Chapter 45 might expressly pertain to proceedings in municipal [or justice] court . . . article 1.13(a)[,] which requires a written jury waiver, does not." *Id*. "Given Chapter 45's comprehensive and specific applicability to the unique municipal [and justice] court context, we hold that article 45.24 [now Article 45.025] which specifically addresses jury waiver in the municipal [and justice] court context is controlling, to the preclusion of article 1.13." [Internal footnotes omitted] *Id*. at 482-83.

In *Pounds v. Callahan*, the Beaumont Court of Appeals faced a very similar issue where a justice court entered a default judgment in a forcible entry and detainer action. 337 S.W.2d 148 (Tex.Civ.App.--Beaumont 1960, no writ.). Months after entering the default judgment, the defendant in that case applied for, and was denied, a writ of mandamus to the relevant county court to set aside the justice court's judgment for three reasons; relevant here: *for failure to file an order or decree in said cause of any kind or character as mentioned in said docket notation*. *Id*. at 149. In refusing to grant the relief prayed for, the county court recited, in part: "the [c]ourt having heard the pleadings, the evidence and the argument of counsel, and being of the opinion that the Plaintiff failed to file an Appeal Bond within five (5) days pursuant to a valid judgment rendered in Cause No. 14A in the Justice Court of Precinct No. 8 . . . as required by the Texas Rules of Civil Procedure

---

[3] Former Article 45.24, dealing with jury trials in justice court, state in relevant part, that defendants in justice and municipal courts "may waive a trial by jury; and in such case, the justice shall hear and determine the cause without a jury." Act of June 18, 1965, 59th Leg., Ch. 722, § 1, 1965 TEX.GEN.LAWS 317, 525, amended by Act of June 19, 1999, 76th Leg., ch. 1545, § 23, 1999 TEX.GEN.LAWS 5314, 5319. The article, now found in Article 45.025, states, "[T]he accused may waive a trial by jury *in writing*. If the defendant waives a trial by jury, the justice or judge shall hear and determine the cause without a jury." [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.025.

13

relating to forcible entry and detainer proceedings[.]" *Id*. at 150. In an issue before the Beaumont Court of Appeals concerning a challenge to the underlying county court's denial to issue a writ of mandamus, the court of appeals explained that while the justice of the peace (appellee) filed no defense, the underlying plaintiff (also an appellee) who sought the initial detainer action filed an unverified answer to the application stating: a general denial; that the justice's docket notation was itself a final judgment in a detainer action; allegations that appellant failed to file an appeal bond from said judgment in satisfaction of the justice court's plenary jurisdiction; and a claim that the appeal bond filed was not in conformity with the law. *Id*.

While the Beaumont case sheds some light, we do not find it completely analogous so as to adopt its conclusion. The underlying case in the Beaumont decision was a civil, forcible entry and detainer action; the present case is a criminal, Class C misdemeanor action. As such, civil, forcible detainer default judgments are not identical to criminal, misdemeanor judgments. *Compare* TEX.R.CIV.P. 510.6(b)(a default judgment can be granted in favor of the landlord if (1) the tenant does not file an answer, (2) the tenant does not appear before the justice at the time and place specified in the citation, and (3) proof of service has been filed under [the relevant rule]), *with* TEX.CODE CRIM.PROC.ANN. art. 42.01, sec. 1 ("A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment. The judgment shall reflect: [Requirements 1-29]") *and* TEX.CODE CRIM.PROC.ANN. art. 45.041(a).

Article 45.041(a) is instructive, stating, a judgment **shall be that the defendant pay the amount of the fine and costs to the state.**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.041(a). Second, Article 45.012(b)(1) stipulates that a "**court may use electronic means to: produce a document required by law to be written[.]**" [Emphasis added]. TEX.CODE

14

CRIM.PROC.ANN. art. 45.012(b)(1). While Subsection (d) states "**[a]n electronically recorded judgment has the same force and effect as a written signed judgment.**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.012(d). Last, Subsection (e) provides "**[a] record created by electronic means is an original record or a certification of the original record.**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.012(e). Article 45.017, pertaining to criminal dockets, Subsection (a)(7) *directs the justice of the peace keep a docket containing* "**the judgment and sentence of the court, and the date each was given[.]**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.017(a)(7). Subsection (b) declares "**[t]he information in the docket may be processed and stored by the use of electronic data processing equipment, at the discretion of the justice of the peace[.]**" [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 45.017(b). Moreover, there is no explicit directive in Chapter 45 that mandates a judgment in the justice court must be written or signed, electronically or otherwise.

Chapter 45 explicitly defines a judgment shall be the payment of the fine and costs. TEX.CODE CRIM.PROC.ANN. art. 45.041(a). Like the court in *Huynh*, we find it persuasive the legislature has deliberately not imposed a requirement found outside Chapter 45, that is a written, signed judgment pursuant to Article 42.01, to the justice of the peace courts. TEX.CODE CRIM.PROC.ANN. art. 42.01. The provisions of Articles 45.012 and 45.017 amply illustrate the legislature's intent to facilitate the use of electronic records as opposed to written documents. TEX.CODE CRIM.PROC.ANN. arts. 45.012, 45.017. Specifically, Article 45.012(d), that an "electronically recorded judgment has the same force and effect as a written signed judgment" reinforces the conclusion a written, signed judgment is not required in a Chapter 45 court. TEX.CODE CRIM.PROC.ANN. art. 45.012(d).

The Texas Court of Criminal Appeals in an early case deciding whether a justice of the

15

peace judgment in that case was sufficient stated "justice courts are not courts of record." *Funderburk v. State*, 64 S.W. 1059, 1060 (Tex.Crim.App. 1901)(finding that a final judgment of the justice court shows that the guilt of the defendant is ascertained, the amount of his fine determined, that costs were paid in full). Keeping in mind the legislature's directive from Article 45.001 that cases should proceed without "undue formalism," "delay," and "with sufficient flexibility to serve the ends of justice," coupled with the statutory scheme delineated in Articles 45.041, 45.012, and 45.017, we conclude that a written, signed judgment is not mandated by Chapter 45. TEX.CODE CRIM.PROC.ANN. arts. 45.001, 45.041, 45.012, and 45.017.

*Final Judgment?*

Our analysis now leads us to determine whether a final judgment exists in the present case. Here, there are two possibilities: the electronic screen print or the letter Judge Lujan sent in response to Villanueva's inquiry. The relevant date for the electronic screen print is August 30, 2010, whereas the relevant date of Judge Lujan's response is November 17, 2014. A justice of the peace court loses jurisdiction over a case ten days after final judgment is issued or a motion for new trial is overruled. *Ramirez*, 2004 WL 1284013, at *2 (explaining that the Texas Rules of Civil Procedure, "a party appealing a judgment from a justice court has ten days from the date a judgment or order overruling [a] motion for new trial is signed to file an appeal bond with the justice court[;] thus, a party who files a motion for new trial in a justice court has a maximum period of twenty days from the signing of the judgment to file an appeal")[Internal citations and quotations omitted]. Regardless, of which date constitutes a final judgment, the justice of the peace court lost jurisdiction prior to January 9, when Villanueva filed his "Motion for Speedy Trial and Notice of Withdrawal of Any Previous Plea."

Under Article 45.0426(a) of the Code, "[w]hen the appeal bond has been filed with the

16

justice or judge who tried the case not later than the 10th day after the date the judgment was entered, the appeal in such case shall be held to be perfected." TEX.CODE CRIM.PROC.ANN. art. 45.0426(a). We find that Villanueva failed to perfect within the requisite period in either case since "[i]f an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence." TEX.CODE CRIM.PROC.ANN. art. 45.0426(b).

To obtain mandamus relief, Villanueva must show that he has no adequate remedy at law, such as an appeal. *Weeks*, 391 S.W.3d at 122. Here, Villanueva had an adequate remedy, that is an appeal, however, he failed to timely perfect his appeal. Therefore, Villanueva is not entitled to mandamus relief. *See* Grimm v. Garner, 589 S.W.2d 955, 956-57 (Tex. 1979). We find the county court erred in granting mandamus relief. Issue Three is sustained.

### Conclusion

Our resolution of this appeal does not require that we address Appellant's remaining points of error. *See* TEX.R.APP.P. 47.1.

We reverse the trial court's order granting the writ of mandamus and render judgment denying Villanueva's petition for writ of mandamus.


April 30, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating

17