

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00589-CV

**IN RE Eloise and Ruben GUZMAN**

Original Mandamus Proceeding[1]

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 2, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The underlying proceeding involves relators Eloise and Ruben Guzman's appeal to the county court at law from a forcible detainer judgment entered in justice court. Before commencement of the trial de novo, the county court at law abated the underlying proceeding pending the full and final resolution of a separate title dispute against relators filed in the district court. In this original proceeding, relators seek a writ of mandamus directing the trial judge to vacate the order of abatement to allow the parties to proceed to trial de novo on the forcible detainer action before the county court at law.

On February 17, 2021, we issued an opinion and order conditionally granting relators' petition for writ of mandamus. The real party in interest filed a motion for rehearing, which we

---

[1] This proceeding arises out of Cause No. 2020-CV-0212, styled *Ruben Guzman and Eloise Guzman v. Mary A. Derrick and All Other Occupants*, pending in the County Court, Guadalupe County, Texas, the Honorable Bill Squires presiding.

granted, and we withdrew our previous opinion and order. For the reasons given below, we conditionally grant the relators' petition, and we substitute the following opinion and order.

## BACKGROUND

Relators purchased the property at issue from Eloise Guzman's parents, Servando and Eloise Arizpe, in 2000. Relators allowed the Arizpes to live in a mobile home on the property rent free. Subsequently, the Arizpes allowed Mary Derrick to live with them to assist them as they aged. On February 12, 2020, Servando Arizpe filed a lawsuit against relators in district court, arguing relators had obtained the deed to the property in dispute by way of fraud.

On August 6, 2020, Servando Arizpe died, and relators subsequently initiated a forcible detainer action in justice court to evict Derrick from the property. Relators contend that they own the property and that Derrick's authorization to occupy the property has expired. The justice court granted judgment in favor of Derrick and relators appealed to the county court at law for a trial de novo. Before trial, the county court abated, pending full and final resolution of the title contest filed in district court. Relators filed a motion to unabate the case, which the county court denied. Relators filed their petition for writ of mandamus challenging the county court's order of abatement. On February 17, 2021, we conditionally granted the petition. Derrick subsequently filed a motion for rehearing. We granted Derrick's motion for rehearing, withdrew our February 17, 2021 opinion and order, and requested a response to the petition for writ of mandamus from Derrick. Derrick filed her response, and relators filed a reply.

## STANDARD OF REVIEW

Generally, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion, and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what

the law is and applying it to the facts, and a trial court abuses its discretion if it fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

### APPLICABLE LAW

A forcible detainer occurs when a person, who is a tenant at sufferance, refuses to surrender possession of real property after his right to possession has ceased. TEX. PROP. CODE ANN. § 24.002(a)(2); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915–16 (Tex. 2013); *Smith v. Beneficial Fin. I Inc.*, No. 05-14-00497-CV, 2015 WL 6777828, at *1 (Tex. App.— Dallas Nov. 6, 2015, no pet.) (mem. op.). A forcible detainer action is "a speedy, simple, and inexpensive" procedure for determining the right to immediate possession of real property where no claim of unlawful entry exists. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.). The only issue to be determined in a forcible detainer action is the right to actual possession of the premises; the trial court may not adjudicate questions of title. TEX. R. CIV. P. 510.3(e); *cf. Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.— Dallas 2010, pet. dism'd w.o.j.) (stating defects in foreclosure process or with purchaser's title to property may not be considered in forcible detainer action).

The jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 510.10(c). Forcible detainer actions are cumulative of any other remedy a party may have in the courts of this state, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

A question of title may be so intertwined with the issue of possession, however, as to preclude adjudication of the right to possession without first determining title. *Williams v. VRM-*

*Vendor Res. Mgmt.*, No. 01-14-00272-CV, 2015 WL 3915636, at *2 (Tex. App.—Houston [1st Dist.] June 25, 2015, no pet.). In such cases, the county court is deprived of jurisdiction if resolution of a title dispute is a prerequisite to the determination of the right to immediate possession. *In re Gallegos*, No. 13-13-00504-CV, 2013 WL 6056666, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.).

On the other hand, if the issues of title and possession are not so intertwined, "a forcible-detainer suit in justice court may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Matters relating to possession may even overlap in the two proceedings without affecting a county court's jurisdiction to determine immediate possession because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to *any* other issue in controversy relating to the realty in question." *Id.* (quoting *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.)).

When a trial court erroneously sustains a plea in abatement, mandamus is appropriate if the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state. *See In re Shulman*, 544 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Also, when an abatement order vitiates another party's ability to prosecute and present a viable claim or defense, an ordinary appeal may not provide an adequate remedy for an abuse of the trial court's discretion. *Id.* Even when an abatement is not "indefinite," if it completely curtails the prosecution of an entire case and denies another party the right to proceed to resolution within a reasonable

time, the aggrieved party has no adequate remedy by appeal and mandamus may issue. *See id.* at 870–71.

**DISCUSSION**

In their petition, relators argue the county court abused its discretion by abating the forcible detainer action because the title dispute did not preclude a determination as to their right to immediate possession. In response, Derrick argues the county court did not abuse its discretion in failing to set the matter for trial because there was a genuine issue of title which deprived the county court of jurisdiction. We disagree.

The issues of title and possession in this case are not so interconnected to preclude the county court from determining the right to immediate possession. *See In re Catapult Realty Capital, L.L.C.*, No. 05-19-00109-CV, 2020 WL 831611, at *9 (Tex. App.—Dallas Feb. 20, 2020, orig. proceeding) (mem. op.). Servando Arizpe initially filed the title dispute in district court arguing that relators obtained the property in dispute by fraud.[2] Relators subsequently initiated a forcible detainer action in justice court to evict Derrick from the property based on their contention that Derrick's permission to occupy the property had terminated. Relators filed a deed purporting to show their ownership of the property with their forcible detainer action.

On this record, the deed relators filed is prima facie evidence of relators' title to the disputed property unless and until it is set aside by a court. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam) ("Deeds obtained by fraud are voidable rather than void, and remain effective until set aside"). Consequently, the county court has jurisdiction to determine the right of immediate possession because possession is not so intertwined with the issue of title. *See Nguyen*, 229 S.W.3d at 437 (providing that a forcible detainer action may run

---

[2] Derrick contends, in the instant case, that she has an ownership interest in the property as an heir to Servando Arizpe, whom she further contends was the rightful owner of the property before his death.

concurrently with another action even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit); *cf. Cook v. Mufaddal Real Estate Fund*, No. 14-15-00651-CV, 2017 WL 1274118, at \*2–3 (Tex. App.— Houston [14th Dist.] Apr. 4, 2017, no pet.) (mem. op.) (holding that challenges to the validity of a foreclosure sale do not deprive the justice or county court of jurisdiction because plaintiffs in a forcible detainer action need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession to prevail). Here, the mere existence of a title dispute in district court did not divest the county court of jurisdiction over the forcible detainer action. *See Catapult Realty Capital*, 2020 WL 831611, at \*9. We therefore conclude the abatement until final disposition of the title dispute was an abuse of discretion by the county court. *See Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 737–38 (Tex. App.—Dallas 2003, no pet.).

Derrick argues that relators have an adequate remedy at law because they are able to defend their title claim in district court. We disagree. While it is true that relators are currently defending a title dispute in district court, relators are entitled to participate in that suit to determine the question of title, while also participating in the forcible detainer action. *See Salaymeh*, 264 S.W.3d at 436 (stating forcible detainer actions are cumulative of any other remedy a party may have in district court); *see also Nguyen*, 229 S.W.3d at 437 (providing that forcible detainer suits in justice court may run concurrently with another action, even if other action adjudicates a matter that could alter the determination of possession in the forcible detainer suit). With the abatement, relators are effectively denied any alternative method of challenging the county court's action during the period of abatement. *See Catapult Realty Capital*, 2020 WL 831611, at \*9 ("[W]hen an abatement order vitiates another party's ability to prosecute and present a viable claim or defense, ordinary appeal may not provide an adequate remedy for an abuse of the trial court's discretion."); *see also In re Shulman*, 544 S.W.3d at 870–71 (stating the aggrieved party does not have an adequate

remedy by appeal even if abatement is not "indefinite," if it completely curtails the prosecution of an entire case and denies another party the right to proceed to resolution within a reasonable time). Accordingly, we also conclude that relators have no adequate remedy at law.[3]

## CONCLUSION

As previously noted, we substitute this opinion and order for our previous February 17, 2021 opinion and order. We conclude the county court abused its discretion by abating the forcible detainer action, and relators do not have an adequate remedy at law. *See Walker*, 827 S.W.2d at 843. Accordingly, we conditionally grant the petition for writ of mandamus and direct the county court, no later than fifteen days from the date of this opinion, to vacate its October 12, 2020 Order on Abatement.

Rebeca C. Martinez, Chief Justice

---

[3] Derrick also contends that the county court should not have abated the forcible detainer action but instead dismissed it for want of jurisdiction. Because the title dispute did not deprive the county court of jurisdiction, we reject Derrick's argument. *See Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.) (holding that the county court had jurisdiction to issue the writ of possession because it was not required to determine the issue of title to resolve the right to immediate possession).