**AFFIRMED and Opinion Filed March 1, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00075-CV

**DAVID OSUNA AND ALL OCCUPANTS, Appellant**
**V.**
**YOSEF BARAZANI, Appellee**

**On Appeal from the County Court at Law No. 2**
**Hunt County, Texas**
**Trial Court Cause No. CC2200379**

## MEMORANDUM OPINION
Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Goldstein

David Osuna and all occupants (Osuna) appeals the trial court's judgment in favor of Yosef Barazani in the underlying forcible entry and detainer action. In a single issue, Osuna complains the trial court erred in denying his motion to abate the underlying action. We affirm the trial court's judgment.

In November 2016, Osuna purchased the underlying property in Hunt County as memorialized by a promissory note secured by a deed of trust. The deed of trust provided that if Osuna defaulted, the trustee could sell the property. The deed of trust also stated that if Osuna did not surrender possession of the property after it

was sold, he "shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer." In August 2022, the lender appointed a substitute trustee and directed the substitute trustee to foreclose the lien of the deed of trust. On October 4, 2022, Barazani purchased the property at a foreclosure sale. On October 15, 2022, Barzani provided Osuna with notice of eviction giving Osuna three days to respond and "arrange for a comfortable move-out date." On October 27, 2022, Barazani filed in Justice Court a "Petition: Eviction Case, and he obtained a default judgment against Osuna on November 8, 2022, ordering Osuna to vacate the property. On November 14, 2022, Osuna filed a notice of appeal in Justice Court.

Trial was set for December 19, 2022 in County Court at Law No, 2 in Hunt County. On December 19, 2022, Osuna filed in the 354th District Court in Hunt County his original petition alleging, among other things, causes of action for wrongful foreclosure, unjust enrichment, and theft of property in conjunction with a suit to quiet title. Osuna claimed he did not receive notice of acceleration of the note, opportunity to cure the default, or the foreclosure sale. That same day, the county court at law reset the trial for January 5, 2023, at 1:30 p.m.

On the morning of January 5, 2023, Osuna filed in county court at law a motion to abate the case "so that the District Court can decide the title and possession dispute since they are intertwined concerning the real property at issue." The motion stated that the only issue to be decided in a forcible detainer action is that of actual possession of the property and asserted that, for the county court at law to decide the

case, "it must necessarily adjudicate whether [Barazani] has standing to bring this eviction and rule on the validity of their claim to ownership." Osuna argued that, because "possession of the property depends on the resolution of a title dispute," the county court at law did not have jurisdiction to proceed or, alternatively, "when possession and title are so intertwined, an eviction court should let the district court resolve the title dispute first." Also on the morning of trial, Barazani filed a response to the motion to abate arguing that a wrongful foreclosure action did not deprive the county court at law of jurisdiction.

At the hearing that followed, the trial court denied Osuna's motion to abate, entered final judgment for possession of the subject property to Barazani and set a supersedeas bond at $12,000[1]. This appeal followed.

In a single issue, Osuna complains the trial court erred in denying his motion to abate the underlying action. We review a trial court's denial of a plea in abatement for an abuse of discretion. *See Lagow v. Hamon*, 384 S.W.3d 411, 415 (Tex. App.—Dallas 2012, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Id.* The sole issue in a forcible-detainer action is who has the right to actual possession of the property. *Marshall v. Hous. Auth. of San Antonio*, 198

---

[1] This Court's docketing statement reflects that a supersedeas bond was filed in this case. The trial court's judgment setting the $12,000 supersedeas bond provided that payment was "due into the registry of the court on or before ten days" of the date of the judgment. As the record before us does not contain the supersedeas bond filed, for purposes of this Court's judgment and mandate, we will treat the "supersedeas bond" as a cash deposit in lieu of cost bond.

–3–

S.W.3d 782, 785–86 (Tex. 2006). To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Thus, an eviction action may be brought and prosecuted concurrently with suits to try title in district court. *Id.*; *see also* TEX. PROP. CODE ANN. § 24.008 (eviction suit does not bar separate suit for trespass, damages, waste, rent, or mesne profits).

However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Rice*, 51 S.W.3d at 709; *see also Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 738 (Tex. App.—Dallas 2003, no pet.) ("Justice courts have no jurisdiction to determine title, and if the issue of possession necessarily requires the determination of a title dispute, then the justice court lacks jurisdiction to decide the forcible entry and detainer until the title issue has been resolved.").

To defeat the justice or county court's jurisdiction, the defendant must provide "specific evidence" of a genuine title dispute that is intertwined with the issue of immediate possession. *Hawkins v. Jenkins*, No. 05-18-01017-CV, 2019 WL 4051830, at *2 (Tex. App.—Dallas Aug. 28, 2019, no pet.) (mem. op.) (quoting *Yarto v. Gilliland*, 287 S.W.3d 83, 93 (Tex. App.—Corpus Christi 2009, no pet.)). If the possession and title issues are not so intertwined, then the justice court cannot

abate the case but rather must proceed to judgment on the possession issue. *See Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, at *4 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied) (mem. op.) ("Where a decision on the right to possession does not depend on resolution of a title dispute, a justice court's action to abate the possession case until the title case is finalized abuses the justice court's discretion.") (citing *Meridien Hotels*, 97 S.W.3d at 737–38).

Title and possession issues are not inextricably intertwined if "the contract provides for a landlord-tenant relationship upon default, that the buyer becomes a tenant by sufferance in the event of default, or that the buyer is subject to a forcible-detainer suit upon default." *In re Catapult Realty Capital, L.L.C.*, No. 05-19-00109-CV, 2020 WL 831611, at *8 (Tex. App.—Dallas Feb. 20, 2020, no pet.) (mem. op.). "A tenant-by-sufferance clause separates the issue of possession from the issue of title." *Id.* Under such a provision, "a foreclosure sale transforms the borrower into a tenant by sufferance who must immediately relinquish possession to the foreclosure-sale purchaser." *Id.* Thus, "if a deed of trust provides that in the event of foreclosure, the previous owner will become a tenant by sufferance if he does not surrender possession, the justice court and county court can resolve possession without resort to title." *Id.*

Here, the deed of trust contained a tenant-by-sufferance clause. Thus, title and possession issues were not inextricably intertwined in this case. *See id.* Accordingly, the trial court did not abuse its discretion in denying Osuna's motion

–5–

to abate.  *See Lagow*, 384 S.W.3d at 415; *Gober*, 2019 WL 321326, at \*4; *Meridien Hotels*, 97 S.W.3d at 738.  We overrule Osuna's single issue.

We affirm the trial court's judgment.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

230075F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID OSUNA AND ALL OCCUPANTS, Appellant

No. 05-23-00075-CV     V.

YOSEF BARAZANI, Appellee

On Appeal from the County Court at Law No. 2, Hunt County, Texas
Trial Court Cause No. CC2200379.
Opinion delivered by Justice Goldstein. Justices Carlyle and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee YOSEF BARAZANI recover his costs of this appeal from appellant DAVID OSUNA and from the cash deposit in lieu of cost bond. After all costs have been paid, the clerk of the Hunt County Court at Law No. 2 is directed to release the balance, if any, of the cash deposit to David Osuna.

Judgment entered March 1, 2024.